(August 25, 1980)

■ GUY SMERECHNIAK, an Infant, by His Father and Natural Guardian, WILLIAM SMERECHNIAK, et al., Respondents, v TOWN OF HEMPSTEAD et al., Defendants, and COUNTY OF NASSAU, Appellant. (Action No. 1.) ANNE M. CECCHIN, an Infant, by Her Father and Natural Guardian, ROMANO CECCHIN, et al., Respondents, v TOWN OF HEMPSTEAD et al., Defendants, and COUNTY OF NASSAU, Appellant. (Action No. 2.)—In jointly tried negligence actions to recover damages for personal injuries, etc., defendant County of Nassau (the county) appeals from an order and judgment (one paper) of the Supreme Court, Nassau County, entered January 18, 1979, which, upon a jury verdict after a trial on the issues of liability and damages as to plaintiffs Smerechniak and liability only as to the remaining plaintiffs, (1) was in favor of all plaintiffs against the county and defendant Long Island Lighting Company (the utility) on the issue of liability, (2) apportioned liability between said defendants at 45% against the county and 55% against the utility, (3) denied the county's motion to set aside the verdicts as to liability and apportionment, and (4) granted the motion of plaintiffs Smerechniak to set aside the verdict upon the ground of inadequacy of damages, unless the county stipulated to increase the award to $450,000. Order and judgment reversed, on the law, and new trial granted, with costs to abide the event. The new trial shall be joint and bifurcated, with both actions tried jointly, and the issues of liability and damages tried separately. The issues raised by this appeal are: (1) whether the trial court erred in jointly trying the issues of liability and damages in the first action with that of liability only in the second, so as to preclude a fair trial of the issue of liability in the latter action; and (2) whether the trial of both liability and damages in the first action unduly prejudiced the defendant county's case therein on the issue of liability. We answer both of these questions in the affirmative. On October 2, 1973 the infant plaintiffs, each then 15 years of age, went on an exploring expedition that began at a sump maintained by the county. These plaintiffs entered the sump through a hole in the fence surrounding it and walked through the sump to an outlet house. They climbed into the house through an upper window and then descended into a 54-inch water main along which they walked for about 2,000 feet. Upon reaching a chimney-like structure covered by a manhole cover, plaintiff Guy Smerechniak raised a lighted candle which ignited a concentration of natural gas in the culvert, causing an explosion and fire. The gas had been accumulating in the culvert for approximately 18 years prior to 1973, due to a leak in a nearby gas pipe owned by the defendant utility. It was alleged that this leak was caused when a chemically treated piece of shoring, left by the county after installing a water main in 1940, struck and bent the utility's gas pipe. This bend, acting in conjunction with the chemicals in the wood, corroded the pipe and eventually caused a hole through which gas escaped into the manhole. Two separate actions were instituted against defendants for the injuries sustained by plaintiffs in the explosion and fire of October 2, 1973. The first was by plaintiff Guy Smerechniak for personal injuries ($500,000) and by his father for loss of services and medical expenses ($75,000). The second was by the four other infant plaintiffs for personal injuries (totaling $450,000) and by their fathers for loss of services and medical expenses (totaling $100,000). A motion to consolidate these actions was denied, although it was directed that they be tried jointly. It was also ordered that the issues of liability and damages be tried in a single, and not a bifurcated, trial. This last order was adhered to by the trial court

in denying a subsequent motion by the county for a bifurcated trial. At the opening of trial, the infant plaintiffs in the second action moved to amend their complaint by increasing the *ad damnum* clause. The Trial Judge, over the county's objection, granted the motion, but on the condition that the case be adjourned to permit physical examinations and discovery of the plaintiffs in the second action. This was done to obviate any prejudice to defendants. Plaintiffs in the first action, however, vehemently opposed an adjournment of the trial. They argued that they were ready to proceed, having gone to great expense in preparing for trial. They contended that to delay the case any further would be unfair and unduly burdensome. The trial court thereupon ordered that as to the first action there would be a full trial of both liability and damages, and as to the second of liability only, with both to be heard jointly. In effect, a trifurcated trial was directed: (1) a full trial for plaintiffs Smerechniak, and, for the remaining plaintiffs, (2) a liability trial, and (3) a later damage trial. It was error to permit such a trifurcated trial. The jury was permitted to hear and view evidence of gruesome burns of the face, arms and body incurred by plaintiff Guy Smerechniak, while only deciding the issue of liability in the second action. This created undue prejudice as to the county's case in the latter action, and precluded it from receiving a fair trial on the liability issue therein. We also hold that in each action the damage evidence was not so intertwined with the liability issue as to require that liability and damages be tried together. (Cf. *Williams v City of New York*, 36 AD2d 620.) Thus, just as the damage evidence in the first action prejudiced the defendant county's case on the issue of liability in the second, so also did it prejudice its case as to liability in the first. Accordingly, there must be a new trial in which the two actions shall be tried jointly, but the issues of liability and damages tried separately. We have examined such of the county's remaining contentions as are preserved and have found them to be academic or without merit. Damiani, J. P., Mangano, O'Connor and Weinstein, JJ., concur.