■ LEAH FEINER, Individually and as Mother and Natural Guardian of ESTHER FEINER, an Infant, Respondent, v CALVIN KLEIN, LTD., et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered No-

vember 21, 1988, which denied defendants' motion for summary judgment, is unanimously affirmed, without costs.

In 1985, the 14-year-old plaintiff was wearing a Calvin Klein blouse while in proximity to a gas range on which she was heating a bottle, when her blouse caught fire and caused her to sustain severe injuries. Subsequently, plaintiff and her mother commenced the instant action alleging negligence, breach of warranty, products liability, and failure to warn of a dangerous product in the sale and manufacture of the 100% cotton blouse. After issue was joined, defendants unsuccessfully moved to dismiss the complaint primarily on the ground that Calvin Klein's compliance with certain Federal fabric flammability regulations absolved it, as a matter of law, from any liability (see, Federal Flammable Fabrics Act, 15 USC § 1191 et seq.; Commercial Standard CS 191-53).

The courts have repeatedly held that questions of design defect and a manufacturer's failure to warn are generally inappropriate for resolution on a summary judgment motion. Moreover, it is well established in this State that while compliance with a statute may constitute some evidence of due care, it does not preclude a finding of negligence (Sherman v Lowenstein & Sons, 28 AD2d 922 [2d Dept 1967] [clothing manufacturer's compliance with flammability testing method prescribed by Federal law does not preclude conclusion that it was negligent]).

Accordingly, resolution of the issues of liability based upon plaintiffs' claims must await a trial. Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.