■ DOROTHY PANARITES, Appellant, v GERMAINE T. WILLIAMS et al., Defendants, and ROMANO TOYOTA LTD. et al., Respondents. [629 NYS2d 359] —Order unanimously affirmed without costs. Memorandum: In this action to recover for personal injuries sustained by plaintiff in a motor vehicle accident, plaintiff appeals from an order that granted the motion of defendants Romano Toyota Limited, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Corporation (Toyota defendants) for partial summary judgment. In granting the motion, the court dismissed the complaint insofar as it alleged causes of action based on Toyota's failure to equip plaintiff's car with an airbag. The court held that the "no airbag" claims are preempted by the National Traffic and Motor Vehicle Safety Act (15 USC § 1381 et seq.).

Read together, the Act and the regulations promulgated thereunder, as amended from time to time, embody Congress' clear intent to allow but not require the installation of airbags in passenger cars until 1996 at the earliest (see, 15 USC § 1391 [2]; § 1392 [a]; § 1410b [b] [2], [3]; Pub L 102-240, § 2508 [a], [b]; Pub L 103-272, § 1 [e]; 49 CFR 571.208, S4.1.4.1). The Act's preemption clause provides that no "State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item of equipment which is not identical to the Federal standard" (15 USC § 1392 [d]). We thus conclude that plaintiff's attempt to impose liability on the Toyota defendants for their failure to equip plaintiff's vehicle with an airbag is expressly preempted by the Act. The State "standard" that plaintiff seeks to impose would not be "identical" to an existing Federal standard that does not require airbags (see, Estate of Montag v Honda Motor Co., 856 F Supp 574, 577; Boyle v Chrysler Corp., 177 Wis 2d 207, 213, 218-219, 501 NW2d 865, 867, 869-870, review denied 510 NW2d 137; Miranda v Fridman, 276 NJ Super 20, 647 A2d 167, certification denied 138 NJ 271, 649 A2d 1291).

Similarly, plaintiff's airbag claims are barred under the doctrine of implied preemption (see, Gills v Ford Motor Co., 829 F Supp 894; Wilson v Pleasant, 645 NE2d 638 [Ind App]; Boyle v Chrysler Corp., 177 Wis 2d, supra, at 219-220, 501 NW2d, supra, at 870-871; Marrs v Ford Motor Co., 852 SW2d 570 [Tex App]). The Federal regulatory scheme governing passenger restraints is "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it" (Rice v Santa Fe El. Corp., 331 US 218, 230). Further, the matter is one in which the "federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject" (Rice v Santa Fe El. Corp., supra, at 230). Finally, we conclude that a State standard imposing liability upon a manufacturer for not installing airbags would conflict with and frustrate the Federal policy of allowing manufacturers leeway in the decision whether to install airbags (see, CSX Transp. v Easterwood, 507 US 658, 663-664; Pacific Gas & Elec. Co. v State Energy Resources Commn., 461 US 190, 204; see also, English v General Elec. Co., 496 US 72, 78-79).

We have considered plaintiff's contentions concerning the effect of the Supreme Court's decision in Cipollone v Liggett Group (505 US 504) and conclude that they are without merit

*(see, Freightliner Corp. v Myrick,* 514 US —, 115 S Ct 1483). (Appeal from Order of Supreme Court, Onondaga County, Pooler, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.