■ RONALD PAYNE, Appellant, v QUALITY NOZZLE Co. et al., Defendants and Third-Party Plaintiffs-Respondents, DUFRESNE SERVICE STATION, Third-Party Defendant-Respondent. [643 NYS2d 623] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated March 13, 1995, which granted the separate motions of the defendants and the third-party defendant for summary judgment dismissing the complaint and third-party complaint.

Ordered that the order is affirmed, with one bill of costs to the defendants and third-party defendant, appearing separately and filing separate briefs.

In June 1988, the plaintiff, a gas station attendant, was soaked with gasoline from an alleged "splash-back" when pumping gasoline into a vehicle. Four to six minutes later, while attempting to light a cigarette, his hands and clothing ignited.

The plaintiff commenced this action against the defendants, Quality Nozzle Co. and Husky Corporation, the manufacturer and distributor of the pump nozzle, alleging negligence, breach of warranty, and failure to warn. The defendants commenced a third-party action against Dufresne Service Station, the plaintiff's employer. The Supreme Court granted the motions of the defendants and third-party defendant for summary judgment holding, *inter alia,* that the defendants' alleged negligence, breach of warranty, or failure to warn was not a proximate cause of the plaintiff's injuries. We affirm.

It is well settled that " 'there is no necessity to warn a customer already aware—through common knowledge or learning—of a specific hazard' " (*Landrine v Mego Corp.,* 95 AD2d 759; *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65); or where such risks and dangers are so obvious that they can ordinarily be appreciated by any consumer to the same extent that a formal warning would provide (*see, Bazerman v Gardall Safe Corp.,* 203 AD2d 56, 57); or where they can be recognized simply as a matter of common sense (*see, Smith v Stark,* 67 NY2d 693).

Here, it is undisputed that the plaintiff had the requisite familiarity with the dangerous propensity of gasoline based on his four and one-half years of work experience, crew instructions not to smoke near or around gas pumps, and his prior experiences with gasoline splash-backs.

Moreover, if an intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent or removed from a defendant's conduct, it may be a superseding act which breaks the causal nexus (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). Based upon our review of this record, the plaintiff's act of lighting a cigarette four to six minutes after being soaked with gasoline was extraordinary under the circumstances, not foreseeable in the normal course of events, and breaks the causal nexus between the plaintiff's injuries and the conduct of the defendants and third-party defendants.

Therefore, the defendants' and third-party defendant's motions for summary judgment were properly granted. We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.