■ CHARLES M. CONNORS et al., Respondents, v TOWN OF HAMBURG, Defendant, and SUZUKI MOTOR COMPANY et al., Appellants. [649 NYS2d 558] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this products liability action, Charles M. Connors (plaintiff) alleges that he was injured when the sidestand of his Suzuki motorcycle came in contact with the road at a curve, causing an accident that rendered him a paraplegic. Supreme Court properly denied that part of the motion of defendants Suzuki Motor Corporation and American Suzuki Motor Corporation (incorrectly sued as U. S. Suzuki Motor Corporation and Suzuki Motor Company of Japan, Ltd.) (Suzuki) for summary judgment dismissing that part of the complaint, as amplified by the bill of particulars, alleging a violation of Federal Motor Vehicle Safety Standard 123 based upon the alleged failure of the sidestand to retract. Plaintiff's deposition testimony and the affidavits of plaintiffs' experts demonstrate that there is an unresolved material issue of fact whether the failure of the sidestand to retract was a cause of the accident.

The court, however, should have granted in part the motion

and dismissed that part of the complaint alleging that the accident could have been avoided had Suzuki installed an interlock device or an auto-return sidestand on the motorcycle. Those allegations are both expressly and impliedly preempted by the National Traffic and Motor Vehicle Safety Act (15 USC § 1381 *et seq.*; *see, Panarites v Williams*, 216 AD2d 874, 875). We therefore modify the order by granting in part Suzuki's motion for summary judgment and dismissing that part of the complaint alleging a failure to equip the motorcycle with safety devices in addition to those required by the National Traffic and Motor Vehicle Safety Act. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.