■ DUSTIN A. PACK, an Infant, by THOMAS S. SOJA, His Guardian ad Litem, Respondent, v E.R.O. INDUSTRIES, INC., et al., Defendants, and SUN SPORTSWEAR, INCORPORATED, et al., Appellants. [669 NYS2d 995] —Order unanimously affirmed without costs. Memorandum: Eight-year-old Dustin Allen Pack was lying in a sleeping bag watching television and playing with a cigarette lighter when the lighter ignited his sleeping bag and clothing, causing severe burns. At the time, Dustin was wearing a T-shirt sold by defendant Sun Sportswear, Incorporated (Sun), and a flannel shirt sold by defendant Grace International Apparel, Inc. (Grace). Thereafter, Dustin, by his guardian ad litem, commenced this action to recover damages based on strict liability, negligence and breach of implied and express warranties.

Subsequently, Sun and Grace each moved for summary judgment dismissing the complaint against them, asserting, *inter alia,* that the State common-law causes of action were preempted by the Federal Flammable Fabrics Act ([FFA] 15 USC § 1191 *et seq.*) and that the claims were governed by the basic flammability standard for clothing textiles, Commercial Standard (CS) 191-53, under the FFA and its implementing regulations. Plaintiff contends that there was no preemption and that the more stringent flammability standard for children's sleepwear, FF 3-71, is applicable. Supreme Court rejected the preemption argument and granted the motions only to the extent of dismissing that part of the third cause of action alleging breach of express warranty and that part of the second cause of action seeking punitive damages.

We affirm. The court properly concluded that the FFA does not preempt plaintiff's common-law causes of action for negligence, strict liability and breach of implied warranties (*see, Davis v New York City Hous. Auth.,* 246 AD2d 575; *Perez v Mini-Max Stores,* 231 AD2d 162; *Wilson v Bradlees of New England,* 96 F3d 552, *cert denied sub nom. Union Underwear Co. v Wilson,* 519 US 1149). The reliance by Sun and Grace on our decisions in *Connors v Town of Hamburg* (233 AD2d 916) and *Panarites v Williams* (216 AD2d 874) is misplaced because the preemption provision involved in those cases (*see,* National Traffic and Motor Vehicle Safety Act, 15 USC former § 1392) is significantly different from the one involved here (*see,* FFA, 15 USC § 1203 [a]). Further, we reject Sun's contention that the doctrine of implied preemption applies (*see, Guice v Schwab & Co.,* 89 NY2d 31, 39, *cert denied* 520 US 1118).

We further conclude that the court properly found issues of fact concerning proximate cause and whether the shirts should

be classified as "children's sleepwear" (*see,* 16 CFR part 1615). (Appeals from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.