■ JOHN BALUCHINSKY, Appellant, v GENERAL MOTORS CORPORATION, Respondent. [670 NYS2d 536] —In an action to recover damages, *inter alia,* for strict products liability, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Collins, J.), entered December 18, 1996, which granted the defendant's motion for summary judgment dismissing the complaint, (2) a judgment of the same court, dated January 8, 1997, entered upon the order, which is in favor of the defendant and against him dismissing the complaint, and (3) an order of the same court, entered April 4, 1997, which denied the plaintiff's motion for reargument and/or renewal.

Ordered that the appeal from the order entered December 18, 1996, is dismissed; and it is further,

Ordered that the judgment dated January 8, 1997, is reversed, on the law, the defendants' motion for summary judgment is denied, the order entered December 18, 1996, is vacated, and the complaint is reinstated; and it is further,

Ordered that the appeal from the order entered April 4, 1997, is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, while a police officer, was injured when the front end of the police car he was driving collided with the passenger side of another vehicle that drove through a red light. The police car, a 1991 Chevrolet Caprice, was manufactured by the defendant. The plaintiff thereafter commenced this action for damages arising from, *inter alia,* strict products liability. The plaintiff alleged that the antilock braking system (hereinafter ABS system) was defective because, despite his applying pressure to the brake pedal, it had failed to stop or even slow the Caprice prior to or during the impact, that the supplemental inflatable restraint system (hereinafter SIR system or airbag) was defective because it had failed to deploy

despite the fact that the impact had occurred at speeds of 25 to 30 miles per hour, and that the safety lap/shoulder belt design was defective because, *inter alia*, the belt, although designed for use by police, could not be safely and comfortably worn while equipped with a gun and holster. After issue was joined, the defendant moved for summary judgment dismissing the complaint. The defendant proffered expert opinion evidence that the systems at issue and the vehicle's safety belt were not defective and functioned as designed. In response, the plaintiff proffered the opinion of his own expert that the systems at issue and the safety belt were defective. The Supreme Court, finding that the defendant had established an unrebutted prima facie case, granted it summary judgment dismissing the complaint. We now reverse.

The expert opinion evidence proffered by the defendant that the ABS system and the safety belt at issue were not defective and functioned as designed was merely conclusory and failed to address the salient factual allegations of the plaintiff. Thus, such opinion evidence was insufficient to establish a prima facie case warranting dismissal of the plaintiff's claims concerning the ABS system and the safety belt (*see, Menzel v Plotnick,* 202 AD2d 558; *Ferretti v Town of Greenburgh,* 191 AD2d 608; *Delprete v Victory Mem. Hosp.,* 191 AD2d 673).

Assuming, arguendo, that the expert opinion evidence proffered by the defendant that the SIR system was not defective and functioned as designed was sufficient to establish a prima facie case, the expert opinion evidence proffered by the plaintiff to the contrary was sufficient to raise a material issue of fact as to this claim (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Given the lack of prejudice to a substantial right of the defendant, the Supreme Court should have disregarded the defect in the affidavit of the plaintiff's expert and should have considered the affidavit in opposition to the defendant's motion (*see,* CPLR 2001; *Supreme Automotive Mfg. Corp. v Continental Cas. Co.,* 97 AD2d 700; *Lauer v Rapp,* 190 AD2d 778). Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.