■ CHESTER GARDINEER, Plaintiff, v KENNETH COVINO et al., Defendants and Third-Party Plaintiffs-Respondents. MITSUBISHI FUSO TRUCK OF AMERICA, INC., Third-Party Defendant-Appellant. [699 NYS2d 297] —In an action to recover damages for personal injuries and property damage based upon negligence and strict products liability, the third-party defendant Mitsubishi Fuso Truck of America, Inc., appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 19, 1998, which denied its motion for summary judgment dismissing the third-party complaint, and (2) an order of the same court, entered November 20, 1998, which denied its motion denominated as one to renew and reargue, but which was, in effect, a motion to reargue.

Ordered that the appeal from the order entered November 20, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered August 18, 1998, is affirmed; and it is further,

Ordered that the defendants third-party plaintiffs are awarded one bill of costs.

The Supreme Court properly denied summary judgment in favor of the third-party defendant Mitsubishi Fuso Truck of America, Inc. (hereinafter Mitsubishi), since it failed to demonstrate its entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *DeMasi v Radbro Realty,* 261 AD2d 354; *Baluchinsky v General Motors Corp.,* 248 AD2d 574). The conclusory allegations of Mitsubishi's counsel and its Vice President of Product Assurance are insufficient to establish that the accident could not have happened in the manner described by the defendants third-party plaintiffs.

The remaining contention of Mitsubishi is without merit (*see, Halloran v Virginia Chems.,* 41 NY2d 386, 391-392). Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.