■ APRIL A. MERCOGLIANO et al., Respondents, v SEARS, ROEBUCK AND Co. et al., Appellants. [756 NYS2d 472] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 8, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff, an infant, was severely burned when the jacket she was wearing caught fire while she was playing near a barbecue grill in her backyard. The defendants, the manufacturer and retailer of the jacket, jointly moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We affirm.

Compliance with the Federal Flammable Fabrics Act (15 USC § 1191 *et seq.*) and its accompanying regulations (16 CFR part 1610 *et seq.*) is merely some evidence of due care and does not preclude a finding of negligence (*see Feiner v Calvin Klein, Ltd.,* 157 AD2d 501, 502 [1990]; *Sherman v Lowenstein & Sons,* 28 AD2d 922 [1967]; *see also Lugo v LJN Toys,* 146 AD2d 168 [1989], *affd* 75 NY2d 850 [1990]). The standards mandated therein, which are industry-derived, establish a minimum resistance-to-flammability level (*see Perez v Mini-Max Stores,* 231 AD2d 162, 164-165 [1997]) and clearly were promulgated to determine flammability levels before products are passed to consumers (*see* 15 USC § 1192; S Rep No. 83-400, 1953 US Code Cong & Admin News, at 1722), not as a shield to tort liability based upon state law. Therefore, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law based upon the conclusion of their expert that the jacket complied with and exceeded the standards prescribed therein.

Under these circumstances, we need not consider whether the plaintiffs' papers in opposition to the motion were sufficient to raise a triable issue of fact (*see Correa v Salke,* 294 AD2d 461 [2002]; *Urbanski v Mulieri,* 287 AD2d 710, 711 [2001]). Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.