■ SHARI VAIL et al., Appellants, v KMART CORPORATION et al., Respondents. [807 NYS2d 399]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Pagones, J.), entered May 15, 2001, which, upon a jury verdict, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the defendants and against the plaintiffs dismissing the third cause of action; as so modified, the judgment is affirmed, the third cause of action is reinstated, and the matter is remitted to the Supreme Court, Dutchess County, for a new trial on the third cause of action in accordance herewith, with costs to abide the event.

On September 1, 1995, the then eight-year-old infant plaintiff, Shari Vail, suffered serious burn injuries when the shorts outfit she was wearing, designed and manufactured by the defendant Spring Creek, Inc., and sold by the defendants KMart Corporation, KMart Apparel Fashions Corp., and S. S. Kresge Co., caught fire after coming into contact with a lighted match thrown by another child.

The plaintiffs failed to show that the issues of liability and damages were intertwined and the introduction of evidence as to the nature and extent of the injuries was vital to their ability to rebut the defendants' defense. Thus, contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in granting that branch of the defendants' pretrial motion which was to bifurcate the trial (*see Fetterman v Evans,* 204 AD2d 888 [1994]; *Jochsberger v Morandi,* 157 AD2d 706 [1990]; *Smerechniak v Town of Hempstead,* 77 AD2d 944 [1980]).

The Supreme Court also providently exercised its discretion in granting that branch of the defendants' pretrial motion which was to preclude the plaintiffs' expert from testifying as to whether newspaper or newsprint would satisfy the standards of the applicable Federal Flammable Fabrics Act (15 USC § 1191 *et seq.*) and its accompanying regulations (16 CFR 1610.1 *et seq.*) (hereinafter the commercial standard), on the ground that "such evidence is not material, is irrelevant, misleading and of no probative value to the jury" (*Ellsworth v Sherne Lingerie, Inc.,* 60 Md App 104, 481 A2d 250 [1984], *revd on other grounds* 303 Md 581, 495 A2d 348 [1985]).

Further, the Supreme Court providently exercised its discretion in granting that branch of the defendants' pretrial motion which was to preclude the plaintiffs' expert from offering testimony regarding a stricter flammability standard for children's sleepwear, as defined in 16 CFR 1615.2 and 1616.1, since it is undisputed that the subject garment was not sleepwear. In any event, the plaintiffs elicited testimony tending to show that the commercial standard is an ineffectual minimal standard, and the trial court instructed the jury that compliance with the commercial standard did not preclude it from finding that the defendants could be liable under common-law negligence principles (*see Mercogliano v Sears, Roebuck & Co.,* 303 AD2d 566 [2003]).

However, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' pretrial motion which was to preclude expert testimony proffered in support of the plaintiffs' claim that the defendants had a duty

to warn them of the garment's flammability characteristics, thereby effectively granting summary judgment dismissing that claim. A manufacturer or distributor of a product may be held liable under a theory of strict products liability when it fails "to warn against latent dangers resulting from foreseeable uses of its product" (*Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]; *see Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 297 [1992]; *Sukljian v Ross & Son Co.*, 69 NY2d 89, 95-96 [1986]). While there can be no duty to warn of a known hazard (*see Warlikowski v Burger King Corp.*, 9 AD3d 360, 362 [2004]; *Payne v Quality Nozzle Co.*, 227 AD2d 603 [1996]; *Banks v Makita, U.S.A.*, 226 AD2d 659, 660 [1996]; *Schiller v National Presto Indus.*, 225 AD2d 1053, 1054 [1996]; *Van Buskirk v Migliorelli*, 185 AD2d 587, 590 [1992]), since the plaintiff must establish that the failure to warn was a proximate cause of the injury (*see Smith v Stark*, 67 NY2d 693, 694 [1986]; *Banks v Makita, U.S.A., supra* at 660; *Belling v Haugh's Pools*, 126 AD2d 958 [1987]), the question in this case is not simply whether the defendants owed a duty to warn of the well-known fact that a garment can catch on fire. Rather, the plaintiffs proffered expert testimony that the garment, made of 65% polyester and 35% cotton, was more flammable and that a fire would be more difficult to extinguish than if the garment was made solely of cotton or polyester alone.

This testimony, had it been admitted, would have been sufficient to raise a triable issue of fact as to the necessity for a warning with respect to the increased risk of injury associated with cotton/polyester blend fabrics (*see Weigl v Quincy Specialties Co.*, 1 AD3d 132, 133 [2003]; *Hollister v Dayton Hudson Corp.*, 201 F3d 731 [2000], *cert denied* 531 US 819 [2000]; *Patterson v Central Mills, Inc.*, 112 F Supp 2d 681 [2000]). Therefore, the fact that the infant plaintiff's mother, who purchased the garment, testified at a deposition that she did not read the labels on the garment before purchasing it and that she knew that clothing can catch fire, is not dispositive of the plaintiffs' failure to warn claim (*see Johnson v Johnson Chem. Co.*, 183 AD2d 64, 70-72 [1992]). The matter must therefore be remitted for a new trial on the third cause of action, solely on the issue of the defendants' liability for failure to warn as to the increased risk of injury associated with cotton/polyester blend fabrics (*see Liriano v Hobart Corp., supra* at 241; *Bolm v Triumph Corp.*, 33 NY2d 151, 160 [1973]). Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.