■ RONALD LIQUORE et al., Appellants, v TRI-ARC MANUFAC-TURING Co., Respondent. [821 NYS2d 246]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered May 31, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. On a motion for summary judgment, the initial burden is on the moving party to demonstrate, by admissible evidence, that there is no triable issue of material fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Here, to establish its prima facie entitlement to judgment as a matter of law, the defendant needed to submit evidence to demonstrate that the subject ladder was reasonably safe for its intended purpose (*cf. Voss v Black & Decker Mfg. Co.,* 59 NY2d 102 [1983]). The defendant failed in this respect. The conclusory allegations of the defendant's counsel and corporate officers were insufficient to establish that the subject ladder was reasonably safe for its intended purpose (*see Gardineer v Covino,* 267 AD2d 200 [1999]; *Baluchinsky v General Motors Corp.,* 248 AD2d 574, 575 [1998]). Furthermore, mere compliance with minimum industry standards is, at most, some evidence to be considered and is not a shield to liability (*see Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 337 [1986]; *Mercogliano v Sears, Roebuck & Co.,* 303 AD2d 566 [2003]; *Feiner v Calvin Klein, Ltd.,* 157 AD2d 501, 502 [1990]).

Because the defendant failed to sustain its prima facie burden, the burden never shifted to the plaintiff and it was not necessary to consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *cf. Vasta v Home Depot,* 25 AD3d 690 [2006]; *Bosman v Reckson FS Ltd. Partnership,* 15 AD3d 517 [2005]; *Karalic v City of New York,* 307 AD2d 254, 255 [2003]).

In light of our determination, we need not reach the parties' remaining contentions. Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.