■ NATIONWIDE INSURANCE COMPANY, as Subrogee of Frank Maloney and Another, et al., Respondents, v NEW YORK LIGHTER COMPANY, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [891 NYS2d 148]—

On May 30, 2001 the home owned by Frank Maloney and Allison Maloney (hereinafter together the Maloneys) in Hopewell Junction was destroyed by a fire. According to Allison Maloney, the fire was accidentally started by the Maloneys' then-four-

year-old son, who allegedly obtained a beer-bottle-shaped lighter from her purse, and ignited the lighter in the living room.

Nationwide Insurance Company (hereinafter Nationwide) was the Maloneys' casualty insurer at the time of the fire, and it reimbursed the Maloneys up to the limits of their policy. The Maloneys, however, allege that their losses exceed the maximum recovery amount allowed under the policy's terms.

In 2002 Nationwide, as the Maloneys' subrogee, and the Maloneys (hereinafter collectively the plaintiffs) together commenced this action against the defendants New York Lighter Company, Inc. (hereinafter NYL) and Junction Service Station, Inc. (hereinafter Junction). Junction is not a party to this appeal. According to the plaintiffs, NYL manufactured or distributed the lighter allegedly involved in the fire. The gravamen of the complaint, which includes causes of action alleging strict products liability and breach of warranty, is that the lighter should have been, but was not, child resistant. Nationwide seeks reimbursement from NYL for the money it paid the Maloneys pursuant to the insurance policy. The Maloneys seek recovery from NYL for the alleged losses that were not covered under their Nationwide policy.

NYL moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and we modify.

In support of its contention that the lighter at issue was not defectively designed, NYL refers to documents and deposition testimony reflecting that, in 1997—four years before the fire that led to this action—its imported bottle-shaped lighters met the minimum standard for cigarette lighters set by the federal Consumer Products Safety Commission. Contrary to NYL's contention, however, "compliance with this minimum standard [does not] automatically relieve a manufacturer or importer of state common law liability" (*Colon v BIC USA, Inc.*, 136 F Supp 2d 196, 208 [2000]; *see Liquore v Tri-Arc Mfg. Co.*, 32 AD3d 905 [2006]; *Mercogliano v Sears, Roebuck & Co.*, 303 AD2d 566 [2003]). In light of NYL's failure to make a prima facie showing of entitlement to judgment as a matter of law with respect to the design defect issue, the burden of proof never shifted to the plaintiffs, and summary judgment was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiffs' claims predicated on breach of the implied warranties of merchantability and fitness for a particular purpose also properly survived the motion (*see Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 273 [2007]).

NYL, however, was entitled to summary judgment dismissing

so much of the third cause of action as alleged a breach of an express warranty. In response to NYL's denial that an express warranty was made to the Maloneys, the plaintiffs failed to raise a triable issue of fact (*see Weiss v Polymer Plastics Corp.,* 21 AD3d 1095, 1097 [2005]; *Davis v New York City Hous. Auth.,* 246 AD2d 575, 576 [1998]; *cf. Catalano v Heraeus Kulzer, Inc.,* 305 AD2d 356, 358 [2003]).

NYL's contention that the plaintiffs failed to establish, in the first instance, that it manufactured or distributed the lighter at issue is raised for the first time on appeal, and is, thus, not properly before this Court (*see Sandoval v Juodzevich,* 293 AD2d 595 [2002]).

NYL's remaining contentions are without merit. Skelos, J.P., Eng, Belen and Austin, JJ., concur.