OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
Defendant Scripto-Tokai Corp. (hereinafter Scripto) moves for summary judgment, dismissing the complaint and all cross claims asserted against it. Defendants, the City of New York *954 and the New York City Department of Education (hereinafter collectively referred to as City), separately move for summary judgment, dismissing the complaint and all cross claims asserted against it.
This is an action to recover damages for personal injuries sustained by the infant plaintiff on November 28, 2005 as a result of being severely burned when his shirt was set on fire originating from a GM9C utility lighter, imported and distributed by defendant Scripto, and manufactured in Mexico in May of 2005. At the time of the incident plaintiff Daniel Slowley, who was five years old, was playing with a seven-year-old boy.
The papers submitted in support and in opposition demonstrate factual issues regarding, inter alia, which child ignited the lighter, whether it was intentionally ignited, and whether the boys had successfully ignited it prior to the ignition that set fire to infant plaintiffs shirt.
A conference was held May 10, 2011. The City’s motion is moot due to the stipulation of settlement and is withdrawn.
On a motion for summary judgment, the proponent “must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852 [1985]). Once the proponent has made this showing, the burden of proof shifts to the party opposing the motion to produce evidentiary proof in admissible form to establish that material issues of fact exist which require a jury trial (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Scripto contends that it is entitled to summary judgment because plaintiffs’ design defect claims are preempted by federal regulations promulgated by the United States Consumer Product Safety Commission (hereinafter CPSC) pursuant to its authority under the Consumer Product Safety Act (hereinafter CPSA) of 1972. Pursuant to 16 CFR part 1212, in order for a lighter to be legally imported into and sold within the United States, it must meet certain child resistance standards. Scripto received approval from the CPSC to import and sell the GM9C lighter in December 2000, and contends that compliance with this regulation preempts plaintiffs’ action.
Scripto’s contention was expressly rejected by the Southern District of New York in Colon v BIC USA, Inc. (136 F Supp 2d 196 [2000]), which held that tort claims of negligence, strict products liability, and breach of warranty are not preempted by 16 CFR part 1210. Scripto concedes that 16 CFR part 1210 is substantially similar to 16 CFR part 1212, at issue here.
*955 Nevertheless, Scripto contends this court should instead follow the decision of the Texas Supreme Court in BIC Pen Corp. v Carter (251 SW3d 500 [Tex 2008]) and the decision of the Mississippi Supreme Court in Frith v BIC Corp. (863 So 2d 960 [Miss 2004]), both of which held that common-law claims are preempted by compliance with CFR part 1210. This court disagrees. While none of the cited precedents are binding on this court, the Colon decision was recently relied on by the Appellate Division, Second Department in Nationwide Ins. Co. v New York Lighter Co., Inc. (68 AD3d 950, 951 [2009]). That Court rejected defendant Scripto’s contention and quoted Colon in concluding that “compliance with this minimum standard [does not] automatically relieve a manufacturer or importer of state common law liability” (Nationwide, 68 AD3d at 951 [internal quotation marks and citations omitted]).
This court also rejects Scripto’s contention that the holding in Colon is no longer persuasive in light of the Supreme Court decision in Riegel v Medtronic, Inc. (552 US 312 [2008]), which held that the preemption clause enacted in the Medical Device Amendments of 1976 (21 USC § 360k) bars common-law claims challenging the safety and effectiveness of a medical device given premarket approval by the Food and Drug Administration. The preemption provision in the statute at issue in Riegel states that
“no State . . . may establish or continue in effect with respect to a device intended for human use any requirement—
“(1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
“(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter” (21 USC § 360k [a]).
There is no such express preemption provision in 16 CFR part 1212, which expressly refers to its requirements as “minimum” standards, and even the preemption language in the CPSA is much narrower (see 15 USC § 2075 [a]). In addition, Riegel did not overturn equally binding Supreme Court precedent relied upon by the Colon court in reaching its conclusion such as Geier v American Honda Motor Co. (529 US 861 [2000]). As such, this court adopts the analysis in Colon, in full, and finds that plaintiffs’ claims are not preempted.
*956 In the absence of federal preemption, Scripto maintains it is still entitled to summary judgment on plaintiffs’ strict liability claims because there is no proximate causation as a matter of law. As an initial matter, questions of design defect and failure to warn generally present factual issues best resolved by a jury (see e.g. Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 859, 861-862 [2d Dept 2009]; Johnson v Delta Intl. Mach. Corp., 60 AD3d 1307, 1308-1309 [4th Dept 2009]; see also Bingham v Louco Realty, LLC, 36 AD3d 845, 846 [2d Dept 2007]; Craft v Mid Is. Dept. Stores, 112 AD2d 969, 971 [2d Dept 1985]).
Further, Scripto’s submission of the deposition testimony of Nadine and Sonia Stewart (in whose house infant plaintiff was playing) that they did not read the warnings on the lighter and were aware that the lighter should be kept out of the reach of children is insufficient to establish defendant Scripto’s prima facie entitlement to judgment on the failure to warn claims (see Vail v KMart Corp., 25 AD3d 549, 551 [2d Dept 2006]; Johnson v Johnson Chem. Co., 183 AD2d 64, 69-72 [2d Dept 1992]). There remain triable issues of fact with regard to the necessity of certain warnings, such as the ease with which the trigger could become dislodged or the fact that the word “childproof’ only applied to children under five years of age (see Vail, 25 AD3d at 551).
Scripto’s submission of unsworn and unverified expert opinion is insufficient to establish their prima facie entitlement to judgment on the design defect claims as unsworn expert reports do not constitute competent evidence (see Mazzola v City of New York, 32 AD3d 906, 907 [2d Dept 2006]; Ritts v Teslenko, 276 AD2d 768, 769 [2d Dept 2000]). However, plaintiffs have demonstrated the existence of triable issues of fact through the submission of their expert report which opines that the product is defective, describes why it is dangerous, explains how it could be made safer, and concludes that it was feasible to do so (see Pierre-Louis, 66 AD3d at 861-862; Wengenroth v Formula Equip. Leasing, Inc., 11 AD3d 677, 680 [2d Dept 2004]).
Finally, since Scripto has failed to submit any evidence on the issue of who actually purchased the lighter, there remain issues of fact regarding whether the purchaser of the lighter relied on the representation that the lighter was child resistant (see Friedman v Medtronic, Inc., 42 AD2d 185, 190 [2d Dept 1973]). Moreover, whether the product was reasonably fit for the purposes for which it was intended, specifically whether it was
*957 child resistant when used properly, is a factual issue best left to be resolved by the jury (see e.g. Wojcik v Empire Forklift, Inc., 14 AD3d 63, 66 [3d Dept 2004]).
Accordingly, Scripto’s motion for summary judgment is denied, in its entirety. Plaintiffs’ claims for manufacturing defect have been withdrawn.