■ SALVATORE MICELI, Appellant, v VAN CURLER MOTOR COMPANY, INC., Defendant, and FORD MOTOR COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered July 21, 1983 in Schenectady County, which, *inter alia,* precluded plaintiff from introducing at trial any evidence with respect to any expert's findings concerning the alleged failure of the subject motor vehicle.

Plaintiff commenced this personal injury action for damages resulting from an automobile accident alleging negligence, breach of warranty and strict products liability. After certain disclosure, a note of issue was filed. Defendant Ford Motor Company moved, *inter alia,* to strike the note of issue and to compel disclosure of the report of plaintiff's expert witness. Special Term denied the motion to strike the note of issue, but granted disclosure of the report of plaintiff's expert witness. An order dated October 4, 1982 was entered and no appeal was taken therefrom. After no expert report was forthcoming, Ford moved, *inter alia,* for an order pursuant to CPLR 3126 dismissing the complaint for failure to obey an order for disclosure. Plaintiff opposed the motion claiming that no expert's report existed and, therefore, there was nothing to disclose. Special Term, *inter alia,* precluded plaintiff from introducing any evidence regarding any expert's findings, concluding that plaintiff would not be prejudiced by such an order in light of there being no expert's report. From the order entered thereon, plaintiff appeals.

In the absence of an appeal from the order dated October 4, 1982, we are bound by the terms of that order notwithstanding any questions about the propriety of that order (see, e.g., 29 NY Jur 2d, Courts and Judges, § 496, pp 268-272). Thus, we cannot consider plaintiff's argument which addresses the effect of that original order. By filing a note of issue (and presumably a certificate of readiness [see 22 NYCRR 103.1; 861.10 (a)]) at a time when no expert's report had been prepared, plaintiff indicated that he was ready for trial without such information (see, e.g., 4 Weinstein-Korn-Miller, NY Civ Prac, par 3402.10). Thus, we agree with Special Term's assessment that plaintiff would not be prejudiced if precluded from introducing any evidence with respect to any expert's findings. Accordingly, the order appealed from should be affirmed.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.