■ MICHAEL LEGARI, Respondent, v LAWSON COMPANY, LTD., et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 21, 1992 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

In February 1988, while working as a cutter for Metropolitan Loose Leaf Company, plaintiff was injured when the pressure plate (or clamp) on a Lawson Pacemaker II cutter machine descended on his left hand as he attempted to position a stack of vinyl underneath the hydraulically operated clamp in order to cut the vinyl. The clamp operates to hold in place materials which are being cut by the cutting blade. The machine requires the operator to stand in front of a waist-high steel table, place a stack of paper or vinyl on the table's surface, adjust the dials to control for the material's dimensions, manually push the material toward the far end of the table, line up and adjust the material so there is an accurate cut, and activate the clamp and cutting blade. The clamp is designed to be operated in one of two ways. First, the operator can press the two hand buttons on either side of the machine, which causes the clamp to descend and the cutting blade to operate; it was disputed whether both hands had to simultaneously press the buttons to commence the cutting cycle. There was conflicting evidence as to whether if either button is released, the clamp and blade go back up. Plaintiff alleged that his practice was to press the left button first, and then press the right button while shielding his face from debris with his left hand, i.e., that simultaneous compression of the buttons was not required to continue the cutting process, which several witnesses confirmed. Alternatively, the

operator can press a foot-operated pedal (or treadle) which causes the clamp to descend, regardless of the location of the operator's hands.

On the day of the accident, plaintiff had just completed adjusting (or "jogging") the vinyl under the clamp when the clamp descended on his left hand, crushing it. Plaintiff commenced this action against defendants in November 1988 asserting negligence and strict products liability causes of action.

In his examination before trial (hereinafter EBT), plaintiff testified that he did not know what caused the clamp to descend on his hand the day of the accident; that no one had pushed either of the hand-operated buttons and that he had not stepped on the foot pedal. In his complaint and his June 1989 responses to defendants' interrogatories, plaintiff asserted, *inter alia,* failure to warn, instruct or repair, as well as design defect and manufacturing defect theories. In plaintiff's responses to several interrogatories, he expressly reserved the right to allege additional instances of negligence if and when they became more particularly known through pretrial discovery, as well as to specify the nature of the design and manufacturing defect upon inspection of the subject machine by an expert of his choice. Plaintiff also alleged in his responses and at his EBT that he had repeatedly reported to his superiors a leak in the machine's huydraulic fluid, as well as the increasing tendency of the clamp to rapidly descend upon being activated. Plaintiff averred that he was not provided with any written instructions or operator's manual, and there were no warnings posted on or near the machine.

In plaintiff's June 1989 response to defendant's December 1988 demand for expert information, plaintiff stated that he had not yet retained an expert witness but recognized that the demand was continuing in nature. Plaintiff's expert examined the machine in June 1989 and "in the interest of time" issued a "preliminary report" by letter dated July 31, 1989 indicating that "[a] cursory review of OSHA regulations regarding machinery and machine guarding, leaves no doubt that the manufacturer of the machine in question violated [§ 1910.212 (a) 1, 2, 3 (i, ii, iii, iv)]". The expert's letter, which defendant received in September, indicated that further elaboration would be provided as the investigation continued. Plaintiff filed a note of issue and certificate of readiness for trial in July 1991.

Defendants thereafter moved for summary judgment dis-

missing the complaint. Plaintiff opposed the motion and submitted an expert's affidavit which specified, *inter alia,* that the subject machine contained certain design defects and lacked adequate warnings. Defendants appeal from Supreme Court's order denying their motion.

Initially, defendants argue that their motion for summary judgment was improperly opposed on the basis of an expert's opinion describing design defects never disclosed in either plaintiff's response to defendants' interrogatories or to defendants' demand for expert disclosure. We agree with plaintiff's position that his expert's affidavit submitted in opposition to defendants' summary judgment motion was consistent with his responses to interrogatories and the same expert's 1989 preliminary report letter provided to defendants, and that the subsequent expert's opposing affidavit simply elaborated on the theories advanced earlier by plaintiff. Plaintiff's responses to interrogatories generally alleged negligence and design defects, and his expert's preliminary report detailed violations of certain OSHA regulations. Plaintiff did not, by his submission of the expert's affidavit, attempt to amend his answers to interrogatories *(see,* CPLR 3134 [c]), but merely elaborated on the claimed negligence and defects in design once defendants moved for summary judgment. While it would have been preferable for plaintiff to have more expeditiously obtained and disclosed the expert's affidavit prior to filing a note of issue and statement of readiness *(see, Miceli v Van Curler Motor Co.,* 105 AD2d 580), the foregoing facts and circumstances do not require that plaintiff be precluded from submitting the expert's affidavit in opposition to the motion for summary judgment.

We also conclude that Supreme Court correctly determined that questions of fact barred granting defendants' motion for summary judgment. Where, as here, plaintiff has asserted claims based on design defects and failure to warn, summary judgment is generally inappropriate *(see, Lugo v LJN Toys,* 146 AD2d 168, 170-171, *affd* 75 NY2d 850). Regarding defendants' failure to warn, the record contains sharply contrasting evidence on whether, at the time of the accident, the subject machine contained adequate or any warnings of the risks. Accordingly, questions of fact exist as to whether the machine contained adequate warnings *(see, Rastelli v Goodyear Tire & Rubber Co.,* 79 NY2d 289, 297; *Cover v Cohen,* 61 NY2d 261, 275-276).

Likewise, questions of fact exist regarding the claimed design defects. Plaintiff testified that he did not know what

caused the pressure plate to come down on his hand as no one had pushed any of the buttons or stepped on the foot pedal. Plaintiff's supervisor testified that plaintiff told him after the accident that he had stepped on the foot pedal, and that plaintiff had the habit of riding his foot on the pedal, both of which plaintiff denied. There was testimony that in order to adjust material in the machine in preparation for cutting, the operators had to reach with their hands underneath the blade and pressure plate. Plaintiff's expert detailed that the machine was defectively designed in several ways, including, *inter alia,* that the foot pedal was not properly guarded and the machine did not have a safety device to prevent accidental or spontaneous activation while the operator's hands were under the clamp. It was undisputed that, after this accident, the machine's hand-operated buttons were modified so that it became necessary to keep both hands on the buttons to continue operation of the machine, demonstrating the feasibility of a safer design *(see, Caprara v Chrysler Corp.,* 52 NY2d 114, 122, 131). Thus, there clearly were outstanding triable issues as to the claimed design defects.

We have examined defendants' remaining contentions and conclude that they do not compel or warrant granting defendants summary judgment. Consequently, Supreme Court properly denied defendants' motion.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.