■ LAUVINNIA LATTIMORE, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [760 NYS2d 224] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), dated April 19, 2002, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, and upon denying her motion, inter alia, for leave to renew a prior motion seeking to submit unsigned certified deposition testimony at trial, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries arising out of an accident which occurred during the course of her employment. She alleged that she

slipped and fell on metal plates located on an inner roadway of the American Airlines terminal at the John F. Kennedy International Airport. She alleged that the metal plates were owned and/or controlled by the defendant, Port Authority of New York and New Jersey (hereinafter the Port Authority). The plaintiff sought to introduce an unsigned certified deposition transcript allegedly containing admissions of an engineer employed by the Port Authority that the Port Authority owned and/or controlled the metal plates which purportedly caused the accident. The trial court granted the defendant's motion to preclude the admission of this deposition testimony. At the close of the plaintiff's case, the Supreme Court granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.

Thereafter, the plaintiff moved, inter alia, for leave to renew her prior motion to submit unsigned certified deposition testimony at trial on the ground that she possessed new information purportedly establishing that the engineer's deposition transcript had been submitted to the Port Authority's counsel for signature pursuant to CPLR 3116 (a) and, therefore, the court erred in refusing to admit the engineer's deposition testimony as substantive evidence at trial. The Supreme Court denied the plaintiff's motion and judgment was entered in favor of the defendant and against her dismissing the complaint.

CPLR 2221, as amended, now provides, among other things, that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Greene v New York City Hous. Auth.*, 283 AD2d 458 [2001]). Here, the plaintiff merely offered a more detailed explanation of her failure to submit the engineer's deposition testimony to the Port Authority. The plaintiff provided no explanation for her failure to present these additional facts on her prior motion. Thus, the Supreme Court properly denied her motion to renew.

Even considering the engineer's deposition testimony, it fails to establish that the defendant had possession or control of the metal plates which caused the plaintiff's accident. Given the absence of any other proof of such possession or control, the Supreme Court properly entered judgment in favor of the defendant.

We need not reach the plaintiff's remaining contentions. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.