EDWARD WENGENROTH, Appellant-Respondent, v FORMULA EQUIPMENT LEASING, INC., Appellant, and MEGA CORP. et al., Respondents-Appellants. (And a Third-Party Action.) [784 NYS2d 123]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated May 9, 2003, as granted those branches of the separate motions of the defendants Mega Corp. and Caterpillar, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them to the extent of dismissing claims based on the alleged "slosh sensitive" nature of the subject water wagon and the failure to warn about the dangers of jumping from the subject tractor in the event of a rollover, the defendant Formula Equipment Leasing, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross

claims insofar as asserted against it, or, in the alternative, summary judgment on its cross claims for common-law indemnification, the defendants Caterpillar, Inc., and Mega Corp. separately cross-appeal, as limited by their respective briefs, from so much of the same order as denied those branches of their respective motions which were for summary judgment dismissing the remainder of the complaint insofar as asserted against them, and the plaintiff appeals from so much of an order of the same court dated September 15, 2003, as denied that branch of his motion which was for leave to renew those branches of the motions of the defendants Caterpillar, Inc., and Mega Corp. which were for summary judgment dismissing the failure to warn claim insofar as asserted against them.

Ordered that the order dated May 9, 2003, is affirmed insofar as appealed and cross appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 15, 2003, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's arm was crushed when the tractor and water wagon he was operating on behalf of his employer rolled over and his arm extended outside of the tractor's operating compartment. Alleging that the tractor and the water wagon were defective in certain respects, and that these defects were proximate causes of his injuries, the plaintiff commenced the instant action against the defendant Caterpillar, Inc. (hereinafter Caterpillar), which manufactured the tractor, the defendant Mega Corp. (hereinafter Mega), which manufactured the water wagon, and the defendant Formula Equipment Leasing, Inc. (hereinafter Formula), which hitched the water wagon to the tractor and leased the vehicle to the plaintiff's employer. The defendants then separately moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted Caterpillar's and Mega's motions in part, and denied Formula's motion. Subsequently, the Supreme Court denied the plaintiff's motion, inter alia, for leave to renew those branches of Caterpillar's and Mega's motion which were granted.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

"To prevail on a cause of action sounding in strict products liability, a plaintiff must prove that the product contained an unreasonably dangerous design defect" (*Giunta v Delta Intl.*

*Mach.,* 300 AD2d 350, 352 [2002]), and make a prima facie showing that the balance of certain "risk-utility factors" weighs in his (or her) favor (*Giunta v Delta Intl. Mach., supra* at 353; *see Fallon v Hannay & Son,* 153 AD2d 95, 99 [1989]). The factors include "(1) the product's utility to the public as a whole, (2) its utility to the individual user, (3) the likelihood that the product will cause injury, (4) the availability of a safer design, (5) the possibility of designing and manufacturing the product so that it is safer but remains functional and reasonably priced, (6) the degree of awareness of the product's potential danger that can reasonably be attributed to the injured user, and (7) the manufacturer's ability to spread the cost of any safety-related design changes" (*Denny v Ford Motor Co.,* 87 NY2d 248, 257 [1995]; *see Scarangella v Thomas Built Buses,* 93 NY2d 655, 659 [1999]).

The Supreme Court correctly granted Caterpillar's and Mega's motions in part. On their motions, Caterpillar and Mega met their respective burdens of demonstrating their entitlement to judgment as a matter of law by establishing that the tractor and the water wagon were not defective in any regard, and that if there was a defect, it was not a proximate cause of the plaintiff's injuries (*see Alvarez v Prospect Hosp., supra*). In response, the plaintiff failed to raise a triable issue of fact with respect to the theories that the tractor-wagon combination was unsafe as a result of "slosh sensitive" nature of the tank in the water wagon or that the defendants failed to provide sufficient warnings of the risks. Thus, Caterpillar's and Mega's motions were correctly granted with respect to those theories (*see Zuckerman v City of New York, supra*). Indeed, the conclusion reached by the plaintiff's expert with respect to "slosh sensitiveness" was completely inconsistent with the plaintiff's deposition testimony that the vehicle had been stopped for 7 to 15 minutes before it rolled over. The feigned issue of fact in this regard created by the plaintiff's affidavit did not save this claim (*see Buziashvili v Ryan,* 264 AD2d 797 [1999]; *Prunty v Keltie's Bum Steer,* 163 AD2d 595 [1990]). The expert's conclusory assertion that the warnings were inadequate was insufficient to satisfy the plaintiff's burden in opposing those branches of the motions (*see Schrader v Sunnyside Corp.,* 297 AD2d 369 [2002]; *Aghabi v Sebro,* 256 AD2d 287 [1998]; *Pigliavento v Tyler Equip. Corp.,* 248 AD2d 840 [1998]).

With respect to the plaintiff's theories that the vehicle was unsafe without a door and without an oscillating hitch, however, the affidavit of the plaintiff's expert was sufficient to raise an issue of fact. The plaintiff's expert established that the tractor

is available with a door and that an oscillating hitch is utilized on similar vehicles. Where, as here, a qualified expert opines that a particular product is defective or dangerous, describes why it is dangerous, explains how it can be made safer, and concludes that it is feasible to do so, it is usually for the jury to make the required risk-utility analysis (*see Garrison v Clark Mun. Equip.,* 241 AD2d 872, 874 [1997]; *Gokey v Castine,* 163 AD2d 709, 711 [1990]; *Gardner v Dixie Parking Corp.,* 80 AD2d 577, 578 [1981]). The plaintiff thus raised a triable issue of fact as to whether the absence of a door and an oscillating hitch rendered the design of the vehicle defective in response to Caterpillar's and Mega's showing of entitlement to judgment as a matter of law (*see Legari v Lawson Co.,* 189 AD2d 1089, 1092 [1993]; *see also Chien Hoang v ICM Corp.,* 285 AD2d 971, 972-973 [2001]; *Bush v Lamb-Grays Harbor Co.,* 246 AD2d 768, 771 [1998]).

The Supreme Court also correctly denied that branch of Formula's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. As the lessor of the vehicle, Formula can be held liable regardless of the fact that it did not manufacture either part of the vehicle (*see Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 128-129 [1990]). The same evidence that raised issues of fact with respect to the liability of Caterpillar and Mega was sufficient to raise such issues with respect to Formula, which selected the tractor without a door and installed the non-oscillating hitch.

Formula's remaining contention is without merit.

That branch of the plaintiff's motion which was for leave to renew was properly denied (*see Lattimore v Port Auth. of N.Y. & N.J.,* 305 AD2d 639 [2003]; *Sherman v Piccione,* 304 AD2d 552 [2003]; *Palmer v Toledo,* 266 AD2d 268 [1999]). Prudenti, P.J., Krausman, Adams and Spolzino, JJ., concur.