Salinas v World Houseware Producing Co., Ltd. (2018 NY Slip Op 07938)





Salinas v World Houseware Producing Co., Ltd.


2018 NY Slip Op 07938


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Renwick, J.P., Richter, Tom, Kern, Oing, JJ.


7648 107662/10

[*1]La Nona Jean Salinas, Plaintiff-Appellant,
v
World Houseware Producing Co., Ltd., et al., Defendants-Respondents.


Bandas Law Firm, P.C., Corpus Christi, TX (Robert W. Clore, of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant.
Lynch Rowin, LLP, New York (Thomas P. Lynch of counsel), for World Houseware Producing Co., Ltd., respondent.
Russo & Toner, LLP, New York (Theresa Villani of counsel), for Josie Accessories, Inc., respondent.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Adam C. Calvert of counsel), for Dolgencorp of Texas, Inc., respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 30, 2017, which, in this action for burn injuries allegedly sustained when a potholder which plaintiff was using caught fire, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Where the conclusion of an expert relies upon facts contrary to the plaintiff's testimony, the affirmation will fail to raise an issue of fact sufficient to defeat summary judgment (see Feaster-Lewis v Rotenberg, 93 AD3d 421, 422 [1st Dept 2012], lv denied 19 NY3d 803 [2012]; Wengenroth v Formula Equip. Leasing, Inc., 11 AD3d 677, 679 [2d Dept 2004]). Here, the validity of plaintiff's experts' opinions rely upon the assumption that the subject potholder caught fire after contacting the heating element of plaintiff's oven, a fact plaintiff specifically denied several times during her deposition. Plaintiff was not equivocal at her deposition, nor did she seek to correct her testimony at any time thereafter.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK