Richards v Ford Motor Co. (2021 NY Slip Op 05469)





Richards v Ford Motor Co.


2021 NY Slip Op 05469


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 310958/11 Appeal No. 14333 Case No. 2019-03638 

[*1]Nanda Richards, et al., Plaintiffs-Respondents,
v
Ford Motor Company, Defendant-Appellant, Cooper Tire & Rubber Company, et al., Defendants.


Mauro Lilling Naparty LLP, Woodbury (Richard J. Montes of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Nanda Richards, Judith Richards, Joan Davis-Singh, Dorrett Davidson, Krista Kerrian White, Robert Reid and Triena Amelia McGhie, respondents.
Curan & Ahlers LLP, White Plains (William F. Costello of counsel), for Charlene Mandrie, Carline Williams, Keith Gillespie and Donavan Mandrie, respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about August 7, 2019, which, to the extent appealed from, denied defendant Ford Motor Company's (Ford's) summary judgment motion insofar as it sought to dismiss plaintiffs' defective design and failure to warn claims, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Ford.
This personal injury and wrongful death action arises from a single motor vehicle accident involving a van manufactured by defendant Ford. The accident happened when the van's left rear tire blew out. Plaintiff sued defendant Ford, among others, alleging defective design, failure to warn, breach of warranty and seeking punitive damages. Supreme Court dismissed all the claims except the defective design and duty to warn claims.
The defective design claim should have been dismissed because plaintiff failed to rebut defendant's prima facie showing that the Ford van was not negligently designed. 'Where a qualified expert opines that a particular product is defective or dangerous, describes why it is dangerous, explains how it can be made safer, and concludes that it is feasible to do so, it is usually for the jury to make the required risk-utility analysis" whether the product was reasonably safe (see Wengenroth v Formula Equip. Leasing, Inc., 11 AD3d 677, 680 [2d Dept 2004]). However, an expert cannot raise an issue of fact to defeat a motion for summary judgment when the opinion consists of only bare conclusory allegations of alleged defects or industry wide knowledge (see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533 [1991]; Hartnett v Chanel, Inc., 97 AD3d 416, 419-420 [1st Dept], lv denied 19 NY3d 814 [2012]). Here, plaintiffs' expert's assertions that the vehicle at issue was unsafe and prone to rollovers was unsupported by any data or calculations concerning the testing he purportedly performed, testing he described in the most conclusory of terms and general of statements (see Doomes v Best Tr. Corp., 17 NY3d 594 [2011]; Stalker v Goodyear Tire & Rubber Co., 60 AD3d 1173 [3d Dept 2009]). While plaintiffs pointed to NHSTA reports concerning the alleged propensity of 15-passenger vans to roll over, such reports are hearsay (see Cramer v Kuhns, 213 AD2d 131, 135-137 [3d Dept 1995], lv dismissed 87 NY2d 860 [1995]). Admissibility aside, the tests performed in connection with those reports were computerized models of a generic passenger van, results rebutted by Ford in an on-track study showing that its van did not behave as the generic computerized model did. Plaintiffs fail to address this or the flaws in the study of their expert.
Given plaintiffs' failure to show evidence of a design defect or latent defect, their failure to warn claim is also subject to dismissal (see Speller v Sears, Roebuck & Co., 100 NY2d 38 [2003]). Likewise, there can be no claim that Ford failed to warn of a foreseeable [*2]misuse of the product because there is no evidence that any such failure was a proximate cause of the injury (see Liriano v Hobart Corp., 92 NY2d 232 [1998]). On the contrary, the uncontested evidence established that the vehicle owner was well aware that the tires on the van were dry rotted and was advised by several people on several occasions that the tires needed replacement. Indeed, he was told by the service center that, due to the condition of the tires, they would not perform any work on them, and refused to rotate them. Thus, there is no evidence that any additional warning would have been read and heeded (see Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420 [1st Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021