■ BRUCE W. BULEY et al., Plaintiffs, v REXNORD PROCESS MACHINERY DIVISION, Defendant and Third-Party Plaintiff, and CONSTRUCTORS EQUIPMENT CORPORATION, Respondent, et al. Defendant. ALPHA PORTLAND CEMENT COMPANY, Third-Party Defendant-Appellant. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered January 23, 1984 in Ulster County, which granted defendant Constructors Equipment Corporation's motion for summary judgment dismissing the complaint and all cross claims asserted against it.

On June 13, 1979, plaintiff Bruce W. Buley sustained physical injuries while working with a crushing machine at a limestone quarry in Cementon, Greene County. The instant action was commenced against (1) Rexnord Process Machinery Division (Rexnord), the manufacturer of the crushing machine; (2) John Bendick Construction Corporation, Inc., the installer of the machine; and (3) Constructors Equipment Corporation (Constructors), the seller of the machine. In due course, defendant Rexnord commenced a third-party action against plaintiff Buley's employer, Alpha Portland Cement Company (Alpha Portland). Thereafter, Constructors moved for summary judgment and, without written decision, Special Term granted this motion, dismissing all causes of action stated against Constructors. This appeal by third-party defendant Alpha Portland ensued.

There must be a reversal. It is undisputed that Constructors sold the crushing machine in question to Alpha Portland.* This being the case, we find that questions of fact exist on this rather undeveloped record with respect to Constructors' duty to warn (see *Young v Elmira Tr. Mix,* 52 AD2d 202, 205; 1 Weinberger, New York Products Liability, §§ 5:04, 7:02, 15:02, 18:01-18:06). Constructors argues that, as a matter of law, it owed no duty to warn since the crushing machine was sent directly from the manufacturer to the purchaser. While this may be true in some cases (see *Pimm v Graybar Elec. Co.,* 27 AD2d 309), the question of what, if any, warning is reasonable under the circumstances is usually a question of fact for the jury (see *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55; *Rainbow v Elia Bldg. Co.,* 49 AD2d 250, 253; *Chandler v Northwest Eng. Co.,* 111 Misc 2d 433, 436-439; 1 Weinberger, New York Products Liability, §§ 18:06, 18:17). Upon the instant record, we conclude that questions of fact exist with respect to this issue.

---

* William Croll, the parts and service manager for Constructors in his affidavit submitted in support of the summary judgment motion, states that his employer sold the subject machine to Alpha Portland.

The order should, therefore, be reversed and Constructors' motion for summary judgment denied.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.