■ FRANKLIN REED, JR., Respondent, v NIAGARA MACHINE & TOOL WORKS, INC., Defendant, and AIRMAN PNEUMATICS, INC., Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries based upon negligence and products liability, the defendant Airman Pneumatics, Inc. appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated May 16, 1989, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The appellant Airman Pneumatics, Inc. (hereinafter Airman) is alleged to have distributed certain component parts to Rockaway Metal Products Corp. (hereinafter Rockaway). The plaintiff, an employee of Rockaway, was injured while operating a machine containing a part allegedly produced by Airman. The plaintiff alleges that the injury was caused, *inter alia,* because parts were placed too close together in the machine. He claims that Airman had a duty to warn about the dangers of the machine and to provide safety instructions.

Airman contends that it has not been established whether it

distributed any of the parts of the particular machine which injured the plaintiff. Moreover, it urges that it cannot, as a matter of law, be liable for a failure to warn since it was a mere distributor of a component part and there was no allegation that the part was defective.

A failure to warn about the dangers surrounding the particular use of a product, if not installed or used correctly, gives rise to liability (see, Robinson v Reed-Prentice Div., 49 NY2d 471). The question of what, if any, warning is reasonable is generally a question of fact (see, Buley v Rexnord Process Mach. Div., 105 AD2d 965).

Airman is not, as a matter of law, free of liability for a failure to warn merely because of its status as a nonexclusive distributor of a component part. Notwithstanding the conclusory affidavit by its president that "[t]here is no way of ascertaining the distributor" of the subject component, Airman has failed to establish the absence of any triable issues of fact (see, Coley v Michelin Tire Corp., 99 AD2d 795, 796). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.