■ VILLAGE OF GROTON, Respondent, v TOKHEIM CORPORATION, Appellant, and CLEMETT & COMPANY, INC., Respondent. [608 NYS2d 565] —Casey, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered January 19, 1993 in Tompkins County, upon a decision of the court in favor of plaintiff.

Plaintiff commenced this action to recover damages for the expense of remedying the effects of a motor fuel spill at plaintiff's above-ground fuel dispensing facility. Defendant Tokheim Corporation manufactured a regulator used in the system. Defendant Clemett & Company, Inc. designed the system and provided the parts. It is undisputed that the spill occurred when a gasket in the Tokheim regulator failed due to excessive pressure created by thermal expansion of the fuel in the piping, which was exposed to sunlight. It is also undisputed that the inclusion of a check valve in the piping near the fuel storage tank created a closed system which, without some type of pressure relief mechanism, permitted the buildup of excessive pressure.

After a nonjury trial, Supreme Court found in favor of plaintiff on its negligence and strict products liability causes of action against both Tokheim and Clemett. Tokheim was found to be responsible for 55% of plaintiff's damages and Clemett for 45%. Only Tokheim appeals from the judgment.

Tokheim correctly argues that pursuant to *Schiavone Constr. Co. v Elgood Mayo Corp.* (56 NY2d 667, *revg on dissenting opn below* 81 AD2d 221, 227-234), it cannot be held liable in negligence or strict products liability if its product is not inherently dangerous and plaintiff seeks only damages for economic loss. In applying the principle established in *Schiavone,* consideration must be given to the nature of the defect,

the injury, the manner in which the injury occurred and the damages sought *(Bellevue S. Assocs. v HRH Constr. Corp.,* 78 NY2d 282, 293). According to the expert witnesses, the defect in the fuel dispensing system was such that a leak of fuel was almost inevitable. The undoubted risk of fire, explosion or contamination of soil and ground water created by leaking fuel establishes, in our view, that the defective design made the system inherently dangerous. The injury was not solely injury to the fuel dispensing system itself, but consisted of physical injury to plaintiff's property caused by the contamination of surrounding soils and ground water. The fuel leak resulted from the sudden failure of a gasket in the Tokheim regulator. Although there was no abrupt, cataclysmic occurrence, the potential for fire or explosion was created by the fuel leak. The damages sought by plaintiff do not seek merely the replacement of the bargained-for consideration, i.e., the fuel dispensing system; plaintiff seeks to recover the costs of investigating and remedying the physical injury to its property caused by the contamination of soils and ground water from the leaking fuel. In these circumstances, we are of the view that the damages sought by plaintiff are not for mere economic loss and are recoverable in a tort action *(see, Syracuse Cablesystems v Niagara Mohawk Power Corp.,* 173 AD2d 138).

Tokheim next contends that plaintiff failed to meet its burden of proof on its negligence and strict products liability claims against Tokheim. In New York, a plaintiff may claim that a product is defective because of a mistake in the manufacturing process or because of an improper design or because the manufacturer failed to provide adequate warnings regarding the use of the product *(Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 106-107; *see, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 532). The evidence at trial did not reveal a mistake in the manufacturing process of the Tokheim regulator or an improper design of the regulator. Plaintiff did, however, present evidence that Tokheim knew its regulators were being installed in above-ground fuel dispensing systems that made no provision for relieving excessive pressure caused by thermal expansion of the fuel, and that Tokheim also knew its regulators had failed and caused leaks due to the buildup of excessive pressure in such systems. Based upon this knowledge, Tokheim issued a "technical advisory letter" which acknowledged past problems associated with liquid being trapped between the regulator and the storage tank, and warned that any valves installed in the system between the

storage tank and the regulator must be equipped with a pressure relief mechanism to prevent the buildup of excessive pressure. The letter, however, was distributed only to "Tokheim people", who were authorized distributors, sales representatives and field staff. Clemett was not an authorized distributor and, therefore, did not receive the letter. The Tokheim regulator was the only one on the market that could be used in above-ground systems, and Tokheim was aware that its regulators were often purchased by nonauthorized distributors for resale. Nevertheless, Tokheim made no effort to expand the scope of the warning to include nonauthorized distributors or their customers. As noted by Supreme Court, the installation tags included with the regulators illustrated the regulator in an above-ground system, but neither warned of the potential for excessive pressure nor depicted a pressure relief mechanism.

In *Rastelli v Goodyear Tire & Rubber Co.* (79 NY2d 289, 297-298), upon which Tokheim relies, the Court of Appeals "decline[d] to hold that one manufacturer has a duty to warn about another manufacturer's product when the first manufacturer produces a sound product which is compatible for use with a defective product of the other manufacturer". In so holding, the court was careful to distinguish the "case where the combination of one sound product with another sound product creates a dangerous condition about which the manufacturer of each product has a duty to warn" *(supra,* at 298). We are of the view that the case at bar falls within the category of cases distinguished by the *Rastelli* court. None of the products installed in plaintiff's fuel dispensing system was defective, but in combination the sound products, including the Tokheim regulator, created a dangerous condition. Tokheim, therefore, had a duty to warn of the dangerous condition *(see, supra; see also, Reed v Niagara Mach. & Tool Works,* 166 AD2d 567), a duty which Supreme Court, as the trier of facts, could find was triggered by Tokheim's knowledge that above-ground systems using its regulator were being installed in such a manner that excessive pressure due to thermal expansion was causing its regulators to fail *(see, Cover v Cohen,* 61 NY2d 261, 275-276). This duty to warn was a continuing one *(see, Power v Crown Equip. Corp.,* 189 AD2d 310, 313).

The nature of the warning to be given and to whom it should be given turn upon a number of factors, and the issue is generally one for the trier of facts *(Cover v Cohen, supra,* at 276). Considering the relevant factors *(see, supra),* we are of

the view that there is sufficient evidence to support Supreme Court's finding that Tokheim failed to act reasonably to provide an appropriate warning. Given Tokheim's superior market position and its knowledge of the problems encountered by customers who were using the regulators in aboveground systems, and considering the nature of the potential dangers, we are of the view that Tokheim did not act reasonably when it provided warnings to "Tokheim people" without making any effort to provide the warnings to customers such as plaintiff who had not dealt directly with "Tokheim people". Tokheim's claim that "it is doubtful Clemett or [plaintiff] would have heeded any warning about thermal expansion" has no support in the record. Tokheim also claims that the thermal expansion problem was created by the improper inclusion of a check valve in the system, which prevented the flow of fuel back into the storage tank as a means of relieving the pressure created by thermal expansion. Tokheim was aware, however, that valves were being installed in aboveground systems between its regulators and the storage tanks, creating closed systems that resulted in excessive pressure which caused gasket failures in the regulators.

Tokheim's final contention is that Supreme Court erred in its apportionment of liability between Tokheim and Clemett. The apportionment of liability by the court in a nonjury case is a finding of fact, and based upon our review of the record, we find no basis to disturb Supreme Court's finding.

Cardona, P. J., Mikoll, Crew III and Weiss, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.