■ MICHAEL A. TERRY, Appellant, v ERIE FOUNDRY COMPANY, Defendant and Third-Party Plaintiff-Respondent. ORBIT FLANGE CORPORATION, Third-Party Defendant-Respondent. [652 NYS2d 308] —In an action to recover damages for personal

injuries, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Shaw, J.), dated September 21, 1995, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered November 21, 1995, as is in favor of the defendant and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff allegedly was injured on March 23, 1989, while cleaning a two-story, steam-powered forging hammer manufactured by the defendant, Erie Foundry Company (hereinafter Erie), in or about 1917. The accident apparently occurred when the plaintiff inadvertently stepped on the foot treadle which is used to operate the machine while his hand was in the path of the hammer. He commenced this action against Erie to recover damages for his injuries, and Erie subsequently commenced a third-party action against the plaintiff's employer, Orbit Flange Corporation (hereinafter Orbit). In turn, Orbit asserted cross claims against Erie. The Supreme Court thereafter granted Erie's motion for summary judgment dismissing the complaint and all cross claims asserted against it. The plaintiff appeals from the dismissal of his complaint, and we affirm.

Erie has met its threshold burden of submitting "evidence constituting a prima facie showing that, as a matter of law, the [forging hammer] in question was not defective at the time it left [Erie's] hands" (*Narciso v Ford Motor Co.,* 137 AD2d 508, 509). Erie submitted evidence from its own representatives and from an expert demonstrating that forging hammers manufactured in 1917 were not equipped with safety devices such as treadle guards, point of operation guards, or sweep guards. Moreover, the submissions established that the forging hammer at issue was state of the art at the time of its manufacture. The burden then shifted to the plaintiff to raise an issue of fact. However, the plaintiff's proof consisted of an affidavit of

an expert who did not examine the forging hammer. The expert failed to explain how certain safety guards made prior to 1917 which were utilized on some types of presses could similarly have been employed on the forging hammer in this case (*see generally, Mandel v Geloso*, 206 AD2d 699), or whether such devices were even known to the forging hammer manufacturing industry at that time (*see generally, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533; *Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328).

Furthermore, Erie had no duty to warn the plaintiff of the dangers of placing his hand in the striking area of the forging hammer from the operator's side of the machine while its power supply was still connected. "There is no duty to warn of a danger which is obvious and which the injured party either did or should have appreciated to the same extent as a warning would provide" (*DePasquale v Morbark Indus.*, 221 AD2d 409). Additionally, the plaintiff was instructed both to avoid the foot treadle area and to stay away from the operator's side of the machine altogether (*see, Payne v Quality Nozzle Co.*, 227 AD2d 603; *Banks v Makita U.S.A.*, 226 AD2d 659).

In view of the foregoing, we have no occasion to reach the remaining contentions of the parties. Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.