◼ DEAN A. HAIGHT, Respondent, v BANNER METALS, INC., Appellant. (And a Third-Party Action.) [751 NYS2d 770] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated October 18, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The complaint asserts causes of action alleging, inter alia, strict products liability and negligence. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion, finding that there was an issue of fact as to whether the subject product was defective.

A strict liability cause of action which is based upon a design defect is actionable where a product is not reasonably safe for its intended use (*see Denny v Ford Motor Co.,* 87 NY2d 248, 257; *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 106-107). In addition, a plaintiff may recover in strict products liability or negligence for a manufacturer's failure to warn of the risks and dangers associated with the use of its product (*see Voss v Black & Decker Mfg. Co., supra* at 106-107). Issues regarding the adequacy of instructions or warnings, as well as design defects, are generally inappropriate for summary judgment relief (*see DiMura v City of Albany,* 239 AD2d 828, 829-830; *Lugo v LJN Toys,* 146 AD2d 168, 170-171, *affd* 75 NY2d 850).

Summary judgment may be granted only when it is clear that no triable issue of fact exists (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). Upon the completion of the court's examination of all the documents submitted in connection with a summary judgment motion, the motion must be denied if there is any doubt as to the existence of a triable issue (*see Rotuba Extruders v Ceppos,* 46 NY2d 223).

Contrary to the defendant's contention, the papers it submitted in support of the motion for summary judgment raised an issue of fact as to whether the product was defective. While the affidavit submitted by the defendant's expert indicated that the accident was caused by the third-party defendant's inadequate inspection and maintenance of the product, the annexed deposition transcript of the plaintiff's expert indicates that the product was prone to malfunction due to the inadequate size and material strength of a certain product component. Accordingly, the Supreme Court properly denied the motion for summary judgment.

The defendant's remaining contentions are without merit. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.