■ Joseph A. Milazzo et al., Plaintiffs, v Premium Technical Services Corp., Defendant. (Action No. 1.) Joseph A. Milazzo et al., Appellants, v Wheco Corp., Respondent. (And Third-Party Actions.) (Action No. 2.) [777 NYS2d 167]—

In two related actions to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 31, 2002, as granted that branch of the motion of the defendant Wheco Corp. which was for summary judgment dismissing the complaint in Action No. 2.

Ordered that order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint in Action No. 2 is denied, and the complaint in Action No. 2 is reinstated.

The plaintiff Joseph Adam Milazzo (hereinafter the plaintiff) was injured as he operated a hydraulically-powered machine. The accident occurred when the machine was somehow activated, causing its bracing arm to come loose, swing around, and strike the plaintiff in the face. The plaintiff and his wife commenced these two products liability actions, one of which (Action No. 2) was against the defendant Wheco Corp. (hereinafter the defendant), which manufactured the machine. Upon completion of discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint in Action No. 2. The Supreme Court granted that branch of the defendant's motion. We reverse the order insofar as appealed from.

"To prevail on a cause of action sounding in strict products liability, a plaintiff must prove that the product contained an unreasonably dangerous design defect" (*Giunta v Delta Intl. Mach.*, 300 AD2d 350, 352 [2002]), and make a prima facie showing that the balance of certain "risk-utility factors" weighs in his favor (*Giunta v Delta Intl. Mach., supra* at 353; *see Fallon v Hannay & Son,* 153 AD2d 95, 99 [1989]). The factors include "(1) the product's utility to the public as a whole, (2) its utility to the individual user, (3) the likelihood that the product will cause injury, (4) the availability of a safer design, (5) the possibility of designing and manufacturing the product so that it is

safer but remains functional and reasonably priced, (6) the degree of awareness of the product's potential danger that can reasonably be attributed to the injured user, and (7) the manufacturer's ability to spread the cost of any safety related design changes" (*Denny v Ford Motor Co.*, 87 NY2d 248, 257 [1995]; *see Scarangella v Thomas Built Buses*, 93 NY2d 655, 659 [1999]).

The defendant failed to make a prima facie showing that the design of its machine, without a treadle guard, was not inherently dangerous or defective. In any event, in his opposing affidavit, the plaintiff's expert, an engineer trained at the Massachusetts Institute of Technology, opined that the failure to provide a treadle guard, or an alternative brake or shut-off device, rendered the machine susceptible to inadvertent activation and uncontrolled operation. He further averred, based upon personal knowledge, that the provision of such devices was inexpensive and feasible. He thus concluded that the machine was defectively designed, and that the defect proximately caused the accident.

Where, as here, a qualified expert opines that a particular product is defective or dangerous, describes why it is dangerous, explains how it can be made safer, and concludes that is it feasible to do so, it is usually for the jury to make the required risk-utility analysis (*see Garrison v Clark Mun. Equip.*, 241 AD2d 872, 874 [1997]; *Gokey v Castine*, 163 AD2d 709, 711 [1990]; *Gardner v Dixie Parking Corp.*, 80 AD2d 577, 578 [1981]). The plaintiff thus raised a triable issue of fact as to whether the absence of a treadle guard or alternative shut-off device rendered the design of the machine defective (*see Legari v Lawson Co.*, 189 AD2d 1089,1092 [1993]; *see also Chien Hoang v ICM Corp.*, 285 AD2d 971, 972-973 [2001]; *Bush v Lamb-Grays Harbor Co.*, 246 AD2d 768, 771 [1998]).

The defendant also failed to make a prima facie showing that it discharged its duty to warn of reasonably foreseeable dangers by directing users of the machine to stay clear of the machine while it was in operation. In any event, the plaintiff raised a triable issue of fact as to the adequacy of the warnings furnished by the defendant (*see Johnson v Johnson Chem. Co.*, 183 AD2d 64, 69-70 [1992]).

Accordingly, that branch of the defendant's motion which was for summary judgment should have been denied. H. Miller, J.P., S. Miller, Crane and Rivera, JJ., concur.