Rose Pai et al., Appellants, v Springs Industries, Inc., et al., Respondents. [795 NYS2d 98]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated September 26, 2003, as granted that branch of the motion of the defendant Springs Industries, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the separate motion of the defendants Federated Department Stores, Inc., and R.H. Macy & Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted that branch of the motion of the defendant Springs Industries, Inc. (hereinafter Springs), which was for summary judgment dismissing the cause of action sounding in strict liability insofar as asserted against it. "In order to establish a prima facie case in strict products liability for design defects, the plaintiff must show that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing [the] plaintiff's injury" (*Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]).

Springs demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that the adverse reaction of the plaintiff Rose Pai (hereinafter the plaintiff) to the formaldehyde in the sheets it manufactured was caused by a rare allergy (*see Ravo v Lido*, 17 AD2d 476, 482 [1962]). It also presented evidence that no other consumer had experienced the same reaction to the sheets. Springs further established that it had attempted, but failed, to create a design for the same type of sheets that did not include the use of formaldehyde (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The unsworn report submitted by the plaintiffs in opposition was insufficient to raise a triable issue of fact, as it did not constitute evidentiary proof in admissible form (*see Hegy v Coller*, 262 AD2d 606 [1999]). The affidavit of a toxicologist submitted by the plaintiffs, which was in admissible form, nevertheless failed to raise a triable issue of fact, as it failed to demonstrate that the plaintiff's allergy was shared by a substantial number of consumers (*see Clarke v Helene Curtis, Inc.*, 293 AD2d 701, 702 [2002]), or that an alternative, safer design of the sheets existed (*see Felix v Akzo Nobel Coatings*, 262 AD2d 447, 448 [1999]).

The Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging negligence. An injury is not foreseeable if it "is due to some allergy or other personal idiosyncracy of the consumer, found only in an insignificant percentage of the population" (*Kaempfe v Lehn & Fink Prods. Corp.*, 21 AD2d 197, 201 [1964] [internal quotation marks omitted], *affd* 20 NY2d 818 [1967]). The defendants demonstrated, prima facie, that the plaintiff's injury in the instant case was due to such an allergy. The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman, supra*).

The Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismiss-

ing the plaintiffs' cause of action alleging breach of the implied warranty of merchantability pursuant to UCC 2-314 (2) (c). The defendants demonstrated, prima facie, that the sheets in the instant case were fit for the ordinary purposes for which they are used. The plaintiff is the only person to date that has complained about an allergic reaction to the sheets. When a product is widely sold and easily purchased, "the mere fact that an infinitesimal number experienced a discomforting reaction is not sufficient to establish that the product was not fit for the purpose intended" (*Hafner v Guerlain, Inc.*, 34 AD2d 162, 164 [1970]; *see Clarke v Helene Curtis, Inc., supra*). The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman, supra*). Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.