■ DEBORAH A. WATSON, Individually and as Administratrix of the Estate of DAVID S. WATSON, Deceased, Respondent, v SCOTT MCLAUGHLIN TRUCK & EQUIPMENT SALES, Appellant and Third-Party Plaintiff-Respondent. WADES COAL AND CONCRETE, INC., Third-Party Defendant-Appellant. [804 NYS2d 185]—

Appeal and cross appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered on January 19, 2005. The order denied the motion of defendant-third-party plaintiff for summary judgment dismissing the complaint and denied the cross motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs to plaintiff.

Memorandum: Plaintiff commenced this action to recover damages for the wrongful death of decedent during his employment at a sand and gravel mine operated by third-party defendant, Wades Coal and Concrete, Inc. (Wades). At the time of the accident, decedent was operating a loader manufactured in 1966 by a nonparty and purchased by Wades from defendant and third-party plaintiff, Scott McLaughlin Truck & Equipment Sales (McLaughlin), in 1994. Decedent was killed when the loader went over an embankment, rolled over and crushed him. Plaintiff asserted causes of action for negligence and strict products liability based upon McLaughlin's sale of the loader without a Roll Over Protection System (ROPS). Supreme Court properly denied McLaughlin's motion seeking summary judgment dismissing the complaint. In addition, the court properly denied Wades' cross motion seeking summary judgment dismissing the third-party complaint inasmuch as Wades contended that it was entitled to dismissal of the third-party complaint in the event that the court granted McLaughlin's motion. Addressing first the cause of action for strict products liability, we conclude that McLaughlin failed to meet its initial burden of establishing that the loader was not unreasonably dangerous without an ROPS (*see Milazzo v Premium Tech. Servs. Corp.*, 7 AD3d 586, 588 [2004]; *cf. Scarangella v Thomas Built Buses*, 93 NY2d 655, 661 [1999]; *Biss v Tenneco, Inc.*, 64 AD2d 204, 207 [1978], *lv denied* 46 NY2d 711 [1979]; *see generally Denny v Ford Motor Co.*, 87 NY2d 248, 256-258 [1995], *rearg denied* 87 NY2d 969 [1996]). With respect to the negligence cause of action, we conclude that evidence that Mine Safety and Health Administration regulations did not require that loaders

manufactured prior to June 30, 1969 be equipped with an ROPS does not, without more, establish as a matter of law that McLaughlin was not negligent (*see Lugo v LJN Toys*, 146 AD2d 168, 171 [1989], *affd* 75 NY2d 850 [1990]; *Feiner v Calvin Klein, Ltd.*, 157 AD2d 501 [1990]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.