■ FRANCINE MAGADAN, Appellant, v INTERLAKE PACKAGING CORPORATION et al., Respondents. [845 NYS2d 443]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 31, 2006, as granted the motion of the defendants Interlake Packaging Corporation and Samuel Strapping Services for summary judgment dismissing the complaint insofar as asserted against them and granted those branches of the cross motion of the defendant Suburban Graphic Supply Corp. which were for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Interlake Packaging Corporation and Samuel Strapping Services and those branches of the cross motion of the defendant Suburban Graphic Supply Corp. which were for summary judgment dismissing so much of the causes of action sounding in negligence and strict products liability as were based on the alleged failure to provide adequate warnings and substituting therefor a provision denying those branches of the motion and cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a factory worker, was injured while operating an S3A 7/8" Book Stitcher (hereinafter the stitcher), manufactured by the defendant Interlake Packaging Corporation, whose assets and liabilities were purchased by the defendant Samuel Strapping Services in October 1996 (hereinafter collectively Samuel). The stitcher was sold to the plaintiff's employer by the defendant Suburban Graphic Supply Corp. The plaintiff's injury occurred when she inadvertently placed her finger underneath the point-of-operation needle, which inserts staples or thread into books or pamphlets. The subject machine had a finger guard in place around the needle which, with the use of tools, could be adjusted upward or downward depending upon the thickness of the work. When properly adjusted, a finger could not be placed inside the guard. It is undisputed that the finger guard had not been properly adjusted prior to the plaintiff's use of the machine. After the plaintiff's employer purchased the stitcher, the finger guards were improved so that they did not need to be adjusted for each job. Letters were sent to Samuel's customers, including Suburban, informing them of the change in the finger guards.

As the Supreme Court properly determined, the defendants

made a prima facie showing that, at the time of its manufacture in 1988, the stitcher was state of the art, contained the same safety devices as comparable machines produced by its competitor, and conformed to industry safety standards (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 111 [1983]; *Terry v Erie Foundry Co.*, 235 AD2d 414, 415 [1997]). Thus, the defendants established, prima facie, that the stitcher was not defectively designed.

In opposition, the plaintiff failed to raise a triable issue of fact with respect to defective design. "To establish a prima facie case in a strict products liability action predicated on a design defect, a plaintiff must show that the manufacturer marketed a product which was not reasonably safe in its design, that it was feasible to design the product in a safer manner, and that the defective design was a substantial factor in causing the plaintiff's injury" (*Gonzalez v Delta Intl. Mach. Corp.*, 307 AD2d 1020, 1021 [2003]; *see Voss v Black & Decker Mfg. Co.*, 59 NY2d at 108; *Milazzo v Premium Tech. Servs. Corp.*, 7 AD3d 586, 587 [2004]). The plaintiff failed to raise an issue of fact as to whether at the time the stitcher was manufactured, it was feasible to design it in a safer manner (*see Pai v Springs Indus., Inc.*, 18 AD3d 529, 530 [2005]; *Terry v Erie Foundry Co.*, 235 AD2d at 415; *cf. Milazzo v Premium Tech. Servs. Corp.*, 7 AD3d at 588).

Although the defendants also met their prima facie burden of demonstrating entitlement to summary judgment dismissing so much of the causes of action sounding in negligence and strict products liability as were based on the alleged failure to provide adequate warnings, the plaintiff raised triable issues of fact with respect to her claim that the defendants failed to provide adequate warning of the danger of operating the machine without first adjusting the finger guard. "A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known" (*Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]). "Whether a particular way of misusing a product is reasonably foreseeable, and whether the warnings which accompany a product are adequate to deter such potential misuse, are ordinarily questions for the jury" (*Johnson v Johnson Chem. Co.*, 183 AD2d 64, 69 [1992]).

In particular, the plaintiff raised triable issues of fact with respect to whether she misused the stitcher in a way which ought to have been foreseen by the defendants or which became known to the defendants after the manufacture and sale of the stitcher. Accordingly, the plaintiff raised a triable question of fact with respect to whether the defendants should have affixed a label to

the machine warning against operating the stitcher without first adjusting the finger guard.

Furthermore, "[a] manufacturer or retailer may . . . incur liability for failing to warn concerning dangers in the use of a product which come to [its] attention after manufacture or sale, through advancements in the state of the art, with which [it] is expected to stay abreast, or through being made aware of later accidents involving dangers in the product of which warning should be given to users" (*Cover v Cohen*, 61 NY2d 261, 274-275 [1984]; *see Liriano v Hobart Corp*, 92 NY2d at 240). "[T]he existence and scope of such a duty [to warn] are generally fact-specific" (*Liriano v Hobart Corp*, 92 NY2d at 240). "The nature of the warning to be given and to whom it should be given likewise turn upon a number of factors, including the harm that may result from use of the product without notice, the reliability and any possible adverse interest of the person, if other than the user, to whom notice is given, the burden on the manufacturer or vendor involved in locating the persons to whom notice is required to be given, the attention which it can be expected a notice in the form given will receive from the recipient, the kind of product involved and the number manufactured or sold, and the steps taken, other than the giving of notice, to correct the problem" (*Cover v Cohen*, 61 NY2d at 276; *see Village of Groton v Tokheim Corp.*, 202 AD2d 728, 730-731 [1994]).

Here, the plaintiff raised a triable issue of fact that the verbal notice of post-sale safety modifications provided by Suburban to its customers did not adequately explain the danger addressed by the new finger guards, which did not need to be adjusted with each use. She also raised a triable issue of fact with respect to whether Samuel had an obligation to inform the plaintiff's employer directly regarding the safety modifications (*Cover v Cohen*, 61 NY2d at 276; *see Village of Groton v Tokheim Corp.*, 202 AD2d at 730-731).

Accordingly, the Supreme Court should have denied those branches of the respective motion and cross motion of the defendants which were for summary judgment dismissing so much of the causes of action sounding in negligence and strict products liability as were based on the alleged failure to provide adequate warnings. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.