■ RICHARD YOUNG, Respondent, v ARA DAGLIAN, Defendant, and PRODUCTS FINISHING CORPORATION, Appellant. [883 NYS2d 75]—

In an action to recover damages for personal injuries, the defendant Products Finishing Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 28, 2008, as granted the plaintiff's motion for reargument, and upon reargument, in effect, vacated the original determination in an order dated July 20, 2007, granting that branch of the motion of the defendant Products Finishing Corporation which was for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Manufacturers may be held strictly liable for injuries caused by their products "because of a mistake in the manufacturing process, because of defective design or because of inadequate warnings regarding use of the product" (*Sprung v MTR Ravensburg*, 99 NY2d 468, 472 [2003]; *see Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]; *Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 297 [1992]; *Wheeler v Sears Roebuck & Co.*, 37 AD3d 710, 710-711 [2007]; *Vail v KMart Corp.*, 25 AD3d 549, 551 [2006]). Furthermore, "[a] manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product[s] of which it knew or should have known" (*Liriano v Hobart Corp.*, 92 NY2d at 237; *Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d at 297; *see Magadan v Interlake Packaging Corp.*, 45 AD3d 650, 652 [2007]). This includes a duty to warn of dangers relating to unintended uses, providing that such uses are reasonably foreseeable (*see Liriano v Hobart Corp.*, 92 NY2d at 237; *Lugo v LJN Toys*, 75 NY2d 850, 851 [1990]; *Magadan v Interlake Packaging Corp.*, 45 AD3d at 652; *Singh v G & A Mounting & Die Cutting*, 276 AD2d 617 [2000]). "Whether a particular way of misusing a product is reasonably foreseeable, and whether the warnings which accompany a product are adequate to deter such potential misuse, are ordinarily questions for the jury" (*Johnson v Johnson Chem. Co.*, 183 AD2d 64, 69 [1992]; *see Magadan v Interlake Packaging Corp.*, 45 AD3d at 652; *Nagel v Brothers Intl. Food, Inc.*, 34 AD3d 545, 547 [2006]; *Haight v Banner Metals*, 300 AD2d 356 [2002]; *Montufar v Shiva Automation Serv.*, 256 AD2d 607, 608 [1998]).

Here, the defendant Products Finishing Corporation (hereinafter PFC) established its prima facie entitlement to judgment as a matter of law by demonstrating that the subject luggage cart came with a paper label providing a warning that bungee cords were dangerous and hooks and foreign objects should not be attached to the bungee straps. In opposition, the plaintiff raised a triable issue of fact as to whether the alleged lack of adequate warnings was a proximate cause of his injury (see *Liriano v Hobart Corp.*, 92 NY2d at 241-242; *Lichtenstein v Fantastic Mdse. Corp.*, 46 AD3d 762, 764-765 [2007]; *Magadan v Interlake Packaging Corp.*, 45 AD3d at 652; *Nagel v Brothers Intl. Food, Inc.*, 34 AD3d at 547; *Haight v Banner Metals*, 300 AD2d at 356; *Montufar v Shiva Automation Serv.*, 256 AD2d at 608; *Johnson v Johnson Chem. Co.*, 183 AD2d at 69). Accordingly, the Supreme Court properly denied PFC's motion for summary judgment.

PFC's remaining contention is without merit. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur. [*See* 2008 NY Slip Op 30954(U).]