Reece v J.D. Posillico, Inc. (2018 NY Slip Op 06048)





Reece v J.D. Posillico, Inc.


2018 NY Slip Op 06048


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2015-09099
 (Index No. 24476/10)

[*1]Ernest Reece, etc., plaintiff-respondent,
v J.D. Posillico, Inc., et al., defendants, Athena Light & Power, defendant-respondent-appellant, Topinka & Dangelo, Inc., et al., defendants third-party plaintiffs-appellants-respondents; Akron Foundry Company, third-party defendant-appellant-respondent.


Carroll McNulty Kull LLC, New York, NY (Robert Seigal of counsel), for defendants third-party plaintiffs-appellants-respondents.
Koster, Brady & Nagler LLP, New York, NY (Marc R. Wilner of counsel), for third-party defendant-appellant-respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for defendant-respondent-appellant.
Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for plaintiff-respondent.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for wrongful death, etc., (1) the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated July 16, 2015, as denied that branch of their motion which was for summary judgment dismissing so much of the cause of action alleging strict products liability as was based upon a failure to warn insofar as asserted against them, (2) the third-party defendant appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint and all cross claims asserted against it and denied those branches of the motion of the defendants third-party plaintiffs and the cross motion of the defendant Athena Light & Power which were for summary judgment dismissing so much of the cause of action alleging strict products liability as was based upon a failure to warn insofar as asserted against each of them, and (3) the defendant Athena Light & Power cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing so much of the cause of action alleging strict products liability as was based upon a failure to warn insofar as asserted against it and, in effect, denied that branch of its cross motion which was for summary judgment on its cross claims for common-law indemnification against the defendants third-party plaintiffs and the third-party defendant.
ORDERED that the appeal by the third-party defendant from so much of the order as denied those branches of the motion of the defendants third-party plaintiffs and the cross motion of the defendant Athena Light & Power which were for summary judgment dismissing so much of [*2]the cause of action alleging strict products liability as was based upon a failure to warn insofar as asserted against each of them is dismissed, as the third-party defendant is not aggrieved by those portions of the order (see CPLR 5511); and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendants third-party plaintiffs, insofar as reviewed on the appeal by the third-party defendant, and insofar as cross-appealed from, on the law, those branches of the motion of the defendants third-party plaintiffs and the cross motion of the defendant Athena Light & Power which were for summary judgment dismissing so much of the cause of action alleging strict products liability as was based upon a failure to warn insofar as asserted against each of them are granted, the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it is granted, and that branch of the cross motion of the defendant Athena Light & Power which was for summary judgment on its cross claims for common-law indemnification against the defendants third-party plaintiffs and the third-party defendant is denied as academic; and it is further,
ORDERED that one bill of costs is awarded to the defendants third-party plaintiffs, the defendant Athena Light & Power, and the third-party defendant, payable by the plaintiff.
In January 2009, the decedent was driving east on the Long Island Expressway with his two infant children when, according to a police investigation, he fell asleep, drove up an embankment, struck a tree, rolled back down the embankment, and ran over a transformer base, which ruptured the gas tank of his vehicle, causing a fire. The decedent was unable to extricate himself and his two infant children from the vehicle, and they all died.
The plaintiff, as the administrator of the decedent's estate, and on behalf and as conservator of the infant children, commenced this consolidated action against, among others, the distributors and retailers of the transformer base at issue, Topinka & Dangelo, Inc. (hereinafter T & D), Hapco, and Athena Light & Power (hereinafter Athena), alleging, inter alia, strict products liability. The plaintiff alleged that, prior to the accident, a light pole that had been attached to the transformer base had been removed for maintenance work by the New York State Department of Transportation (hereinafter the DOT). The plaintiff alleged that when a pole is attached to the transformer base, the transformer base is designed so that it will break away from its concrete base when it is struck by a vehicle in order to minimize damage to the vehicle. The plaintiff alleged that when the pole was removed from the subject transformer base prior to the accident, the transformer base lost this "breakaway" feature. The plaintiff alleged that the manufacturer of the transformer base and all other entities in the supply chain had a duty to warn the DOT that the transformer base would lose its breakaway capability if it was not attached to a pole. The plaintiff alleged that T & D, Hapco, and Athena failed to warn the DOT of this danger and that this failure was a cause of the subject accident. T & D and Hapco subsequently commenced a third-party action against the manufacturer of the transformer base, Akron Foundry Company (hereinafter Akron).
T & D and Hapco moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. Athena cross-moved for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, for summary judgment on its cross claims for common-law indemnification against T & D, Hapco, and Akron. Akron cross-moved for summary judgment dismissing the third-party complaint and all cross claims asserted against it.
The Supreme Court, inter alia, denied those branches of T & D and Hapco's motion and Athena's cross motion which were for summary judgment dismissing so much of the cause of action alleging strict products liability as was based upon a failure to warn insofar as asserted against each of them. The court also denied Akron's cross motion for summary judgment dismissing the third-party complaint and all cross claims asserted against it. Further, the court, in effect, denied that branch of Athena's cross motion which was for summary judgment on its cross claims for common-law indemnification against T & D, Hapco, and Athena. T & D and Hapco appeal, Akron separately appeals, and Athena cross-appeals.
A manufacturer who places a defective product on the market that causes injury may be liable for the ensuing injuries (see Codling v Paglia, 32 NY2d 330). A product may be defective when it contains a manufacturing flaw, is defectively designed, or is not accompanied by adequate warnings for the use of the product (see Liriano v Hobart Corp., 92 NY2d 232; Codling v Paglia, 32 NY2d 330). A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known (see Singh v Gemini Auto Lifts, Inc., 137 AD3d 1002). A manufacturer also has a duty to warn of the danger of unintended uses of a product provided these uses are reasonably foreseeable (see Young v Daglian, 63 AD3d 1050). "[T]he failure to provide warnings gives rise to liability not only against the manufacturer, but against the distributor and retailer as well" (Johnson v Johnson Chem. Co., 183 AD2d 64, 72).
To recover on a strict products liability cause of action based on inadequate warnings, a plaintiff must prove causation, i.e., that if adequate warnings had been provided, the product would not have been misused (see Banks v Makita, U.S.A., 226 AD2d 659, 660; Johnson v Johnson Chem. Co., 183 AD2d at 70). In other words, "[f]or there to be recovery for damages stemming from a product defective because of the inadequacy or absence of warnings, the failure to warn must have been a substantial cause of the events which produced the injury" (Billsborrow v Dow Chem., 177 AD2d 7, 16). "Generally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Scala v Scala, 31 AD3d 423, 424). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889).
Here, T & D, Hapco, and Athena established their prima facie entitlement to judgment as a matter of law dismissing so much of the strict products liability cause of action as was based upon a failure to warn. The transformer base at issue in this case was located beyond the clear zone, which is defined as "an area without fixed objects that is adjacent to a highway and intended to provide safe passage and a recovery area for vehicles that veer off the roadway" (Fan Guan v State of New York, 55 AD3d 782, 783). T & D, Hapco, and Athena demonstrated that, as per DOT policy, light poles located beyond the clear zone were not required to have breakaway transformer bases and that the loss of the breakaway feature would not have affected the DOT's decision to remove the light pole from the subject transformer base prior to the accident. Accordingly, T & D, Hapco, and Athena established, prima facie, that the failure to warn of the loss of the breakaway feature was not a substantial cause of the events which produced the injuries alleged here (see Fisher v Flanigan, 89 AD3d 1398; Estrada v Berkel Inc., 14 AD3d 529, 530; Banks v Makita, U.S.A., 226 AD2d at 660).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged failure to warn was a proximate cause of the accident. Accordingly, the Supreme Court should have granted those branches of T & D and Hapco's motion and Athena's cross motion which were for summary judgment dismissing so much of the strict products liability cause of action as was based upon a failure to warn insofar as asserted against each of them.
In light of this determination, Akron's motion for summary judgment dismissing the third-party complaint and all cross claims asserted against it should have been granted, and that branch of Athena's cross motion which was for summary judgment on its cross claims for common-law indemnification against T & D, Hapco, and Akron should have been denied as academic (see Ingram v Long Is. Coll. Hosp., 101 AD3d 814; Spence v Island Estates at Mt. Sinai II, LLC, 79 AD3d 936; Hoover v International Bus. Machs. Corp., 35 AD3d 371).
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court