Rodriguez v McCloskey Intl. Ltd. (2022 NY Slip Op 01825)





Rodriguez v McCloskey Intl. Ltd.


2022 NY Slip Op 01825


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-01665
 (Index No. 19747/15)

[*1]Armando Rodriguez, respondent, 
v
McCloskey International Limited, appellant, et al., defendants.


Tromello & Fishman, Melville, NY (Kevin P. Slattery of counsel), for appellant.
Ferro, Kuba, Mangano, P.C., Hauppauge, NY (Michael N. Manolakis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant McCloskey International Limited appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated October 21, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendants McCloskey International Limited and McCloskey Brothers Manufacturing which was for summary judgment dismissing the complaint insofar as asserted against the defendant McCloskey International Limited.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was employed by a composting facility in Long Island, and his responsibilities included cleaning a machine known as a trommel (a dirt-sifting machine) and otherwise making sure that the trommel was working properly. According to the plaintiff's deposition testimony, on November 30, 2012, the trommel "clogged"—in other words, no dirt was coming out. The trommel's conveyor belt, however, was still running. Without shutting down the trommel, the plaintiff climbed a set of steps set up against the side of the trommel. He then climbed onto an iron rail that framed the conveyor belt. Steadying himself by holding onto a metal chain with his right hand, and carrying a small shovel in his left hand, the plaintiff moved along the rail towards the end of the conveyor belt, where the clog was located. When he got there, the plaintiff "started hitting [the clog] with the shovel." When the jam cleared, the conveyor belt quickly shifted closer to where the plaintiff was standing. The conveyor belt caught the right sleeve of his jacket and pulled his right hand and arm into a nip point at the head pulley of the discharge conveyor. The plaintiff sustained injuries to his right arm that necessitated several surgeries.
The plaintiff commenced this action against, among others, the defendants McCloskey International Limited and McCloskey Brothers Manufacturing (hereinafter together the McCloskey defendants), the manufacturers of the trommel, to recover damages for personal injuries. The complaint asserted causes of action, inter alia, alleging defective design and failure to include adequate warnings for the safe use of the trommel. The McCloskey defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending, among other things, that the plaintiff's actions were so obviously dangerous that there was no need to warn against engaging in them, and, relatedly, that those actions were the sole proximate cause of the plaintiff's [*2]injuries. The Supreme Court denied the motion. McCloskey International Limited (hereinafter the appellant) appeals.
"A product may be defective when it contains a manufacturing flaw, is defectively designed or is not accompanied by adequate warnings for the use of the product" (Liriano v Hobart Corp., 92 NY2d 232, 237). "[M]anufacturers have a duty to warn against latent dangers due to intended uses and foreseeable unintended uses of their products" (Fisher v Multiquip, Inc., 96 AD3d 1190, 1192 [internal quotation marks omitted]). "Issues regarding the adequacy of instructions or warnings . . . are generally inappropriate for summary judgment relief" (Haight v Banner Metals, 300 AD2d 356, 356; see DiMura v City of Albany, 239 AD2d 828, 829-830). Indeed,"[w]hether a particular way of misusing a product is reasonably foreseeable, and whether the warnings which accompany a product are adequate to deter such potential misuse, are ordinarily questions for the jury" (Magadan v Interlake Packaging Corp., 45 AD3d 650, 652 [internal quotation marks omitted]).
Here, the appellant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The Supreme Court correctly concluded that there were triable issues of fact related to, inter alia, the foreseeability and reasonableness of the plaintiff's actions, the adequacy of the warnings posted on the subject trommel, and any instructions regarding the operation of the trommel that the plaintiff may have received from his supervisors (see Johnson v Johnson Chem. Co., 183 AD2d 64, 69). Contrary to the appellant's assertions, it failed to demonstrate, prima facie, that the plaintiff's actions were the sole proximate cause of his injuries (see Morales v City of New York, 193 AD3d 923, 926).
Accordingly, the Supreme Court properly denied that branch of the McCloskey defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court